# CASES DECIDED

## IN THE

# Supreme Court of Appeals

## OF VIRGINIA.

### Richmond.

#### HENNINGS v. PARSONS.

#### March 12, 1908.

1. REAL ESTATE AGENTS—*Property in Hands of Several—Exclusive Rights —Case at Bar.*—As a general rule, where an owner puts his property in the hands of several real estate agents to sell, the agent who first procures a purchaser is entitled to his commission to the exclusion of the other agents, but this general rule may be modified by contract, or entirely subordinated to its provisions. In the case at bar, a farm was in the hands of several real estate agents for sale with the knowledge and acquiescence of the plaintiff, who was one of such agents. These agents knew that the defendant, who was the owner of the farm, was extremely anxious to sell to the first available purchaser. He preserved an attitude of neutrality between them, and acted in good faith throughout. Under these circumstances the general rule above stated should govern.

2. REAL ESTATE AGENTS—*Right to Sell—Termination of Contract—Withdrawal from Market—Case at Bar.*—If land is in the hands of a real estate agent for sale, but he has not the exclusive right of sale, a sale by another agent does not violate the provision of the owner's contract with the former to the effect that his "contract is to continue in force till ten days' notice is given in writing withdrawing the same from market." This is not a withdrawal from market, but a sale to a prior purchaser, and has no reference to a sale of the property either by other agents, or by the owner himself. In the case at bar, the contract first mentioned shows on its face that the real estate agent therein contracted with did not have an exclusive right of sale.

Error to a judgment of the Circuit Court of the city of Richmond in a proceeding by motion to recover a judgment for money. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Wyndham R. Meredith,* for the plaintiff in error.

*A. K. & D. H. Leake* and *Walter A. Leake,* for the defendant in error.

HARRISON, J., delivered the opinion of the court.

This is a motion, under the statute, by the plaintiff, W. A. Parsons, to recover of the defendant, H. G. Hennings, $650, alleged to be due as commission for services rendered by him in and about the sale of the defendant's farm, "Fairfield," in Goochland county.

The whole matter of law and fact was submitted to the determination of the circuit court, and judgment given in favor of the plaintiff. This judgment we are asked to review.

The record shows that the defendant placed his farm, "Fairfield," in the hands of several independent real estate agents for sale, the plaintiff being one of those who was authorized in writing to sell. On the morning of the 18th of January, 1906, the plaintiff, W. A. Parsons, by appointment with the defendant, who was to meet him at the station, proceeded from Richmond to Goochland county with a prospective purchaser from Indiana. The train was behind time, and the arrival of the plaintiff was thereby delayed for one hour and a half. In the meantime R. F. Vaughan, another agent who had also been authorized to sell, presented himself with a purchaser, to whom a sale was at once made; Vaughan being paid $650 from the proceeds of the sale consummated by him, that being the commission agreed upon. When the plaintiff arrived with his prospective Indiana purchaser, who was able and ready to buy, he was at once informed by the defendant that the farm had been sold to parties who were then in the house.

It clearly appears from the record that the defendant had been for some time extremely desirous of selling his farm, in

order that he might return to the State of Nebraska. The farm had been looked at on several occasions by prospective purchasers, and the defendant anxiously awaited the arrival of some one to whom a sale might be made.

As a general rule, where an owner puts his property in the hands of several real estate agents to sell, the agent who first procures a purchaser is entitled to his commission to the exclusion of the other agents. 23 Am. & Eng. Ency. of Law (2nd ed.), pp. 928-929.

This general rule may, however, be modified by contract or entirely subordinated to its provisions.

The contention of the plaintiff is, in effect, that he had the exclusive agency for the sale of the farm, and that until he had received ten days' notice the defendant could not sell through another agent without making himself liable to the plaintiff for his commission. In support of this contention, the plaintiff relies upon the written agreement which provides, that the "contract is to continue in force until ten days' notice is given in writing withdrawing the same from market."

That part of the contract between the parties, needful for present purposes, is as follows: "I hereby authorize W. A. Parsons, president and general manager of the James River Valley & Tidewater Land Company, to sell for me the above described property in Goochland county, containing 418 acres; and I agree to pay him 10 *per cent.* commission on the above amount, or upon the amount finally agreed upon at the time of sale, out of the first cash payment, if he, or any member of said company, sell said property, or is in any way instrumental in aiding me to sell, even if the sale should be consummated after the expiration of this contract, provided the sale was made to a party whose attention was or has been called to said property through advertisement or otherwise of said company. This contract to continue in force until ten days' notice is given in writing withdrawing the same from market. No charges for advertising."

We are of opinion that the construction of this contract contended for by the plaintiff is not tenable. The contract on its face shows that it was not intended to give the plaintiff an exclusive right to sell, for by its terms the defendant had a right to sell, and only in the event of his being aided in making a sale by the plaintiff could the latter claim commissions. The language relied on, "This contract to continue in force until ten days' notice is given in writing, withdrawing the same from market," had no reference to the sale of the property, either by other agents or by the defendant himself. Withdrawing the property from market is the reverse of selling, and the language plainly meant, that the owner could not change his mind and withdraw the property from market (that is, from sale,) until he had given his agent ten days' notice of that purpose. If the defendant had given the ten days' notice required by the contract that he intended to withdraw the property from market, and the plaintiff had produced a purchaser, able and willing to buy, before the ten days was out, he would, under this contract, have been entitled to his commission. So far from the defendant having any purpose to withdraw the farm from sale, he availed himself of the first opportunity he had to consummate a sale.

There is nothing in the contract to justify the contention that the plaintiff had the exclusive right to sell the farm until after the expiration of ten days' notice; and the acts of the parties preclude the idea that any such right was intended to be secured to the plaintiff by the contract. On the 8th of January, 1906, the plaintiff wrote the defendant a letter, which is in the record, telling him of his prospective Indiana purchaser, and that he had written him to come. In this letter he says: "Now do not let the place go until you hear from me, even if you had a chance, for I am sure this will be a sale, should you have an offer before he wires me, you could say you had given refusal for fifteen days." This language is wholly inconsistent with the contention now made, that the plaintiff was acting under a contract which gave him the exclusive right to sell.

On the 11th of January, the plaintiff wrote the defendant that his prospective purchaser from Indiana was coming, and that he would try and be at his place on the 18th instant, and asking that the defendant meet him at the station. To this letter the defendant replied on the 14th of January, expressing the hope that the plaintiff would soon sell his farm, and saying that he would meet him at the station. In this letter, which was written after the first-mentioned letter, the defendant says: "Mr. Parsons the first is coming the will get it;" plainly meaning that the first purchaser that presented himself would get the farm. Again on the 15th of January, the plaintiff writes to the defendant, saying: "I feel certain that your farm is as good as sold; say nothing in the neighborhood about my coming up for that agent at Irwin would not do you any good."

This correspondence between these parties shows, that the construction of the contract now contended for by the plaintiff, that he was to have the exclusive right to sell until after the expiration of ten days' notice by the defendant, was never intended by them or contemplated in any of their dealings with each other. The record justifies the conclusion that the farm, "Fairfield," was in the hands of several independent real estate agents for sale, with the knowledge and acquiescence of the plaintiff, W. A. Parsons. That these agents knew that the defendant, H. G. Hennings, was extremely anxious to sell and intended to sell to the first available purchaser; and that the defendant preserved an attitude of neutrality between the respective agents, and acted in good faith throughout. Under these circumstances, the general rule governs, and the agent who first produced the purchaser was entitled to his commission to the exclusion of the other agents.

For these reasons, the judgment complained of must be reversed; and, this court proceeding to render such judgment as the circuit court ought to have entered, it is ordered that the plaintiff's motion be dismissed.

*Reversed.*