HOME REAL ESTATE AGENCY *v.* E. NADEAU.

May Term, 1922.

Present: WATSON, C. J., POWERS, TAYLOR, MILES, and SLACK, JJ.

Opinion filed October 6, 1922.

*Real Estate Broker—Commission.*

1. In an action by a real estate agency to recover commission for the sale of a farm, not listed with it exclusively, and sold by an-

other agency, the plaintiff is not entitled to recover without showing that it was the "procuring cause" of the transaction.

ACTION OF CONTRACT to recover commission for the sale of a farm. Plea, the general issue. Trial by the Burlington City Court, *J. A. McNamara,* City Judge. Judgment for the defendant. The plaintiff excepted. The opinion states the case. *Affirmed.*

*E. A. Ashland* for the plaintiff.

*M. G. Leary* for the defendant.

To entitle a broker to commission he must find a customer ready, able, and willing to buy the property at the price and upon the terms prescribed by the owner. *Reynolds & McGinnis* v. *Green,* 78 Vt. 28; *Hammond* v. *Mitchell,* 61 Ill. App. 144; *Ramsey* v. *West,* 31 Mo. App. 676; *Whitcomb* v. *Bacon,* 170 Mass. 479; *Green* v. *Owens,* 19 Ky. L. Rep. 580; *Cullen* v. *Bell,* 43 Minn. 226; *Hanna* v. *Collins,* 69 Iowa 51; *Gracelon* v. *Tibbets,* 84 Me. 148; *Tombs* v. *Alexander,* 101 Mass. 255; *Hurd* v. *Neilson,* 100 Iowa 555; *Commercial Natl. Bank* v. *Hawkins,* 35 Ill. App. 463; *Barrs* v. *Hyland,* 65 Minn. 150; *Darrow* v. *Harlow,* 94 A. D. 541.

When there is no exclusive agency but property is listed with several brokers, the one who is the procuring cause of a sale is entitled to the commission. *Ahern* v. *Baker,* 34 Minn. 98; *McGuire* v. *Carlson,* 61 Ill. App. 295; *Feldman* v. *O'Brien,* 23 Misc. 341; *Smith* v. *McGovern,* 65 N. Y. 575; *Galascock* v. *Venfleet,* 100 Tenn. 603; *Ward* v. *Fletcher,* 124 Mass. 224; *Goldstein* v. *Walters,* 15 Daly, 397; *Platt* v. *Johr,* 6 Ind. App. 58.

SLACK, J. The plaintiff is a real estate agent, and brings this suit to collect a commission for the sale of defendant's farm. The trial court found the facts, and rendered judgment thereon for defendant. The only question for review is whether the findings sustain the judgment.

It is found that on October 17, 1921, defendant placed his farm, located in Milton, in plaintiff's hands to sell for a certain price and on certain terms, and agreed to pay plaintiff two

hundred dollars if it made a sale for the price and on the terms specified; that on October 22, two men called at plaintiff's office and informed plaintiff that they wanted to buy a farm; that plaintiff told them that it had a farm in Milton for sale, and gave them the terms on which it could be bought; that plaintiff could not show them the farm that day, and called defendant by telephone, and asked him if he could show his farm to two prospective customers who were then in plaintiff's office if they went to Milton on the afternoon train; that defendant replied that he could not as he was about to leave for Canada; that it was then arranged that defendant would meet these men on the arrival of the morning train at Milton on October 24; that defendant went to that train according to arrangement but the men did not appear; that on leaving plaintiff's office on October 22, these men went to the office of the Goodsell Real Estate Agency, with whom defendant had listed his farm, were shown the farm by that agency, and on October 25 bought the farm of defendant.

The plaintiff claims that these findings show that it was the "procuring cause" of the transaction, and, therefore, entitled to the claimed commission. But this claim is based on part only of the findings, and ignores other findings that show, and tend to show, the contrary.

Besides the findings already noticed it is found, that plaintiff did not have the exclusive sale of defendant's farm, and that plaintiff knew that fact; that the farm was listed with other agencies, including the Goodsell Real Estate Agency; that the sale of the farm was through the efforts of that agency and not through the efforts of the plaintiff; that plaintiff failed to find a purchaser ready and able to buy the farm on the terms named by defendant; and, finally, that "the plaintiff was not the procuring cause of the sale of defendant's farm."

The latter finding, alone, defeats the plaintiff's claim. It could not have judgment in its favor without showing that it was the "procuring cause" of the transaction. *Oben* v. *Ducharme*, 93 Vt. 211, 106 Atl. 777, and cases there cited. This it failed to do.

*Judgment affirmed.*