GUY DINDO *v.* CAMILLO CAPPELLETTI ET UX.

(77 A2d 840)

November Term, 1950.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and BLACKMER, JJ.

Opinion Filed January 2, 1951.

404

*Finn & Monti* for the plaintiff.

*Russell E. White* for the defendants.

JEFFORDS, J. The plaintiff is a real estate agent and this action was brought to recover a commission for the sale of defendant's property. The trial was by court with a resulting judgment for the defendants and the case is here on an exception to the judgment.

The material findings of fact are as follows: The defendants had listed their property with the plaintiff under a written agreement which expired in August, 1949. After the expiration date, the defendants told the plaintiff that he could continue his efforts to sell the property but that they would sell it through other real estate agents if they could do so, to the first person or agent who brought a customer with $12,000.00 net to them. The defendants listed the property with other agents.

The plaintiff interested a Mr. and Mrs. Stevens in the purchase of the property. The defendants requested them to make a down payment on the property but the requests were refused. On September 9, 1949, the plaintiff informed the defendants that he was going to be out of the city over the following week end and that he would like the defendants to give him further time in which to close the sale with the Stevens. The court stated that it was unable to find that an extension of time or an exclusive right to the sale of the property was given on that date, as requested by the plaintiff. The plaintiff returned on September 12 and on September 15 Mrs. Stevens advised the plaintiff that they would take the property. The plaintiff went to the home of the defendants and informed Mrs. Cappelletti that the Stevens had the necessary funds and were ready and willing to buy the property. The plaintiff was then told that the property had been sold. The defendants had not notified the plaintiff of the sale prior to the time he came to their home on September 15 and saw Mrs. Cappelletti. The property was conveyed to the purchaser on September 12, 1949.

The court found that at the time of the conveyance of the property the plaintiff did not have a purchaser ready, willing and able to purchase the property.

The exception to the judgment raises only the question as to whether it is supported by the facts found. *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628.

In order for the plaintiff to be entitled to recover a commission for the sale of the property it was necessary for him to produce a person who was ready, willing and able to purchase it at the price and upon the terms prescribed by the defendants. *Oben* v. *Ducharme,* 93 Vt 211, 217, 106 A 777. The findings show it was not until after the property had been conveyed that the plaintiff produced such a person.

The findings also show that the plaintiff was not the procuring cause of the sale, a fact essential to be affirmatively established in order to entitle him to recover a commission. *Home Real Estate Agency* v. *Nadeau,* 96 Vt 167, 118 A 523; *Oben* v. *Ducharme, supra,* at page 218.

The plaintiff claims, in effect, that he had a continuing right to sell the property until this right was revoked by a reasonable notice from the defendants and that the findings show that he received no notice of the sale until after he had procured a person able, willing and ready to purchase. It is apparent that unless this contention is well founded the judgment should be affirmed.

The court stated that it was unable to find that the plaintiff was given an exclusive right to sell the property. This was equivalent to an affirmative finding that no such right was given, the burden of proof on the issue being on the plaintiff. *Dwinell* v. *Alberghini,* 115 Vt 394, 399, 62 A2d 124, and cas. cited.

The findings show that at the time the sale was made the property was listed with several agents and that the plaintiff had been told after the expiration of the written agreement that he could continue his efforts to sell but that the property would be sold to the first person who brought a customer with the stipulated price. Under this arrangement the plaintiff took the chance that he would be that person. As the nature of the contract of the parties did not require any notice of its termination by a sale of the property, it was terminated, and the authority of the plaintiff to sell the property revoked, by the sale, without notice thereof to him, prior to the time of the production by the plaintiff of a person, ready, willing and

able to purchase. *White and Hoskins* v. *Benton,* 121 Ia 354, 96 NW 876. *Ahern* v. *Baker,* 34 Minn 98, 24 NW 341; *Hunt* v. *Judd,* 225 Ill App 395; *Kelly* v. *Brennan,* 55 NJ Eq 423, 37 A 137; *Hennings* v. *Parsons,* 108 Va 1, 61 SE 866; 12 CJS 49; 8 Am Jur 1086, § 169.

The cases cited by the plaintiff are not in point as they either have to do with exclusive contracts or situations where the agent has produced a purchaser before the agent's authority to sell has been terminated. *Judgment affirmed.*