CHARLES F. BENOIT *v.* THORNDYKE D. WING.

(94 A2d 237)

Special Term at Rutland, November, 1952.

Present: SHERBURNE, C. J., JEFFORDS, CLEARY, ADAMS and CUSHING, JJ.

Opinion Filed January 6, 1953.

*Edward G. McClallen,* Jr. for the plaintiff.

*Ryan, Smith & Carbine* for the defendant.

CUSHING, J.   This is an action of contract brought by the owner of realty to recover from a real estate broker the sum of three hundred dollars paid as a commission on the sale of plaintiff's property, the prospective purchaser having refused to carry out his contract. The case was tried by the court, findings of fact were made and

judgment for the defendant entered. The cause is here on the plaintiff's exception to the judgment.

The findings show in substance the following:—The defendant was a duly licensed real estate broker; the plaintiff was the owner of a house and lot in Pittsford which he had advertised for sale in the Rutland Herald; the defendant wrote the plaintiff requesting the privilege of listing the property with the right to sell it, and stating therein that "In case of a sale my commission would be five percent of the selling price;" the plaintiff answered the letter and placed the property with the defendant to be sold for $8,000.00.

Subsequently the defendant secured a prospective buyer, one William Taggart. He and the plaintiff met at the defendant's house in Pittsford and after various negotiations a written agreement was entered into between the parties, one copy of which was signed by Taggart, the other by the plaintiff.

At the time of these negotiations it was agreed that the purchase price would be reduced to $7,800.00 and that the defendant's commission would be $300 instead of 5% of the selling price. After the signing of the agreement Taggart gave plaintiff his check for $300 payable to him which plaintiff endorsed to the defendant with the statement thereon that it was in full payment of defendant's commission in the sale of the property.

On the following day Taggart notified the defendant that he had decided that he did not wish to purchase the property and that he was willing to lose the $300 deposit rather than go ahead with the trade.

The only exception being to the judgment, the question presented for this Court's determination is, do the facts found support it? *Little* v. *Loud,* 112 Vt 299, 304, 23 A2d 628; *Dindo* v. *Cappelletti,* 116 Vt 403, 405, 77 A2d 840.

To entitle a broker to a commission for the sale of property it is necessary for him to produce a person ready, willing and able to purchase it at the price and upon the terms prescribed by the owner. *Oben* v. *Ducharme,* 93 Vt 211, 217, 106 A 777; *Dindo* v. *Cappelletti, supra.*. The findings show that the owner, broker and prospective purchaser met and discussed the matter of the sale and purchase and that terms were arrived at; a written agreement, signed by both seller and buyer, was entered into, and a deposit of $300 was made by the buyer. These acts resulted in a binding mu-

tually enforceable contract of sale. *First National Bank of St. Johnsbury, Exr.* v. *Laperle,* 117 Vt 144, 148-150, 86 A2d 635.

It follows that the buyer having entered into a contract of sale which was enforceable against him by the seller, the broker who procured such buyer was entitled to his commission. *Dindo* v. *Cappelletti, supra.*

Plaintiff argues that the findings do not support the judgment because he claims no commission would be paid until the sale was consummated, such consummation being evidenced by the execution and delivery of a title deed and the payment of the purchase price.

The written agreement of July 12, copies of which were signed by the plaintiff and Mr. Taggart, as shown by finding No. 5 was as follows:

> "Received from William Taggart of Rutland, Vermont $300.00 deposit on purchase of the Benoit property in Pittsford, Vermont at $7,800.00. It is understood that possession will be given upon passing of title and that the 1950 taxes will be paid by seller.
>
> "It is also agreed that the sale of the property was brought about by T. D. Wing, licensed broker of Pittsford, Vermont.
>
> "It is also agreed that the final passing of title shall take place on July 20, 1950."

By applying the principle set forth in *First National Bank of St. Johnsbury, Exr.* v. *Laperle, supra,* we have held that a mutually enforceable contract was entered into. When this is accomplished the broker is entitled to his commission. The rule is not as contended for by the plaintiff.

*Ward* v. *Cobb,* 148 Mass 518, 20 NE 174, 12 Am St Rep 587, was a case very similar to that under consideration. Plaintiff sued for a commission alleged to be due on the sale of real estate. The parties made the following contract: "It is agreed that if Henry B. Ward, as broker, shall effect a sale of Elizabeth Cobb's estate, 855 Main Street, Cambridge, he shall receive a commission of two hundred dollars in full for his services." Subsequently an agreement was signed by the defendant and one Brown by which the defendant agreed "to sell" and Brown agreed "to purchase" the real estate,

the agreement further provided: "Said premises are to be conveyed within fifteen days from this date" with further provisions respecting a mortgage held by the Massachusetts Hospital Life Insurance Company. Two hundred dollars was paid to Cobb by Brown at the time of the execution of the agreement of sale. Brown was unable to perform and so notified Cobb's attorney, telling him that the matter was at an end.

The defendant retained the two hundred dollars which had been paid. Below the plaintiff had judgment and the defendant appealed.

The Court said:

> "The question at issue in this case is, whether the agreement entered into between the defendant and Frances L. Brown was a sale of the defendant's real estate, within the meaning of the contract declared on. * * *"

> "The writing signed by the defendant and Brown was a contract of sale. It was not in form required to pass the legal title to the real estate, but it gave him an equitable right, and it bound her to make a conveyance, and him to take it and pay for it. Specific performance would have been decreed by a court of equity upon application by either of the parties. * * * *

> "The defendant saw fit to make the sale upon fifteen days' credit, with no security for payment of the price, except the two hundred dollars which was given her when the contract was signed. The terms of sale were apparently satisfactory to her; at least they were such as she chose to accept. It is a fair inference from the conduct of both parties, and especially from her retention of the two hundred dollars, that the contingency had happened upon which she had a right to enforce the contract. We are of opinion that a sale was effected, within the meaning of the agreement in relation to the plaintiff's commission. * * *"

In the instant case the plaintiff by signing the agreement set forth in finding No. 5 acknowledged that a sale of the property had been brought about within the meaning of the word "sale" used in the original correspondence.

He further argues that the findings show that the commission was to be paid out of the purchase price. When Mr. Taggart gave the plaintiff his check for $300 the latter endorsed it to the defendant with the notation thereon that it was in full payment of the defendant's commission. His act controverts his present claim.

Plaintiff further claims that the $300 earnest money belonged to the plaintiff and not to the defendant. The findings explicitly show that the earnest payment was made to the plaintiff; he thereupon paid the defendant for his services by endorsing the buyer's check. The earnest payment was made to the plaintiff and not to the defendant.

The claim that the payment made by plaintiff to defendant was under a mutual mistake of fact is groundless. Nowhere in the findings is there any mention of either plaintiff or defendant being mistaken as to any facts of the transaction. Plaintiff loses sight of the fact that a sale of the property had been effected. The case of *Enequist* v. *Bemis,* 115 Vt 209, 55 A2d 617, 56 A2d 5, 1 ALR2d 1, relied upon by the plaintiff, is not in point. It had to do only with a mutual mistake of fact.

There was no failure of consideration as claimed by the plaintiff. Defendant had found a purchaser ready, willing and able to purchase the property and an enforceable contract had been entered into by the buyer and seller.

*There is no error. Judgment affirmed.*