## Edith A. Nauceder v. Gertrude J. Howard

[ 247 A.2d 76 ]

June Term, 1968

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 1, 1968

*Natt L. Divoll, Jr., Esq.,* for the Plaintiff.

*Thomas P. Salmon, Esq.,* for the Defendant.

**Smith, J.** This action was one brought to recover a commission by the plaintiff real estate agent against the defendant property owner for the sale of certain real estate owned by the defendant and located

on Oak Street in Bellows Falls, Vermont. Jury trial was held in the Windham County Court on November 14, 1967, resulting in a verdict and judgment for the defendant. The appeal of the plaintiff to this Court presents two questions for our consideration. 1. Did the trial court err in refusing to charge as requested by the plaintiff in her Request No. 3. 2. Did the trial court err in not granting the plaintiff's motion to set aside the verdict and grant a verdict for the plaintiff, the jury verdict notwithstanding.

The factual situation presented is short, largely undisputed, but somewhat unusual. Viewing the evidence in the light most favorable to the defendant, the prevailing party below, the following pertinent facts are disclosed.

The plaintiff, Edith Nauceder, a resident of Westminster, Vermont, was a licensed real estate broker in the Fall of 1966. The defendant, Gertrude J. Howard, was at that time the owner of real estate in Bellows Falls, located at 13 Oak St. As a result of a conversation between the two parties, Mrs. Howard gave Mrs. Nauceder an oral listing of her property at $16,000.00, subject to a 6% commission to the agent if she sold the property. Mrs. Howard reserved the right to sell the property by her own efforts if the opportunity offered.

Mrs. Howard never advertised the property with any other real estate broker. Mrs. Nauceder listed the property in several local publications and placed on the property her sign, advertising that she had the property for sale and designating her name, business address and telephone number. When no sale of the property was immediately forthcoming, the price of the property was dropped to $14,000.00, and the defendant so notified the plaintiff.

In the early part of June, 1967, a Mr. and Mrs. Bernard Tuttle of Alstead, N.H., were cruising the streets of Bellows Falls in search of property for rental or sale. They had previously been informed by one Angela Caine that a house in which she had formerly lived on Oak Street might be the type of house for which they were searching, but she did not identify the house specifically, its owner or whether or not it was for sale.

The Tuttles noticed the "For Sale" sign on the Howard property, thought it might be the house which Miss Caine had informed them about, and after looking over the house decided they might be in-

terested in purchasing it. While the Tuttles testified that they did not note Mrs. Nauceder's name on the sign, they were informed by the then tenant of the premises that Mrs. Nauceder was the agent who had the house for sale. Obtaining Mrs. Nauceder's telephone number from the phone book, they made several calls to the telephones listed in her name but failed to contact her.

The Tuttles then went directly to the owner of the property, Mrs. Howard, who showed them the house, which they eventually agreed to buy for $14,000.00. Mrs. Nauceder did not know of the sale until some time after the transaction had been fully completed. The refusal of Mrs. Howard to pay her the real estate commission to which she claimed to be entitled by reason of the sale of the property resulted in the lawsuit with which we are now concerned.

The action of the plaintiff against the defendant for the payment of a commission on the sale of the property was based upon the claim of the plaintiff that it was the sign advertising the property for sale, placed on the Oak St. property by the plaintiff, that was the procuring cause of the purchase of the property by the Tuttles. *Dindo* v. *Cappelletti,* 116 Vt. 403, 405, 77 A.2d 840; *Home Real Estate Agency* v. *Nadeau,* 96 Vt. 167, 169, 118 A. 523.

The request to charge made by the plaintiff, and which the lower court refused to make, reads as follows:

"If you find that the plaintiff had placed her sign advertising the availability for sale of the premises upon the house, and that the purchasers saw the sign and became interested in the purchase of the house, which resulted in that purchase, then you may find that the acts of the plaintiff in advertising the house, so that its availability for sale became known to the purchasers, was the procuring cause of the sale."

It is the contention of the defendant that the lower court did instruct the jury on every material and essential element of the case, and that the elaboration of the various points within the charge was within the discretion of the court. *Rae* v. *Green Mountain Boys Camp,* 122 Vt. 437, 441, 175 A.2d 800. In this connection we quote the significant portion of the charge as given below as relating to the question before us:

"Hence there becomes one sole issue for you to decide initially in this matter and that is whether the plaintiff's services were the

procuring cause of such sale. If you find that plaintiff's services were the procuring cause and dominated the transaction, then you must find for the plaintiff and then you will pass to the question of damages. On the contrary, if you find that the plaintiff's services were not the procuring cause of the sale, then you must find for the defendant and that will be the end of the matter.

Now, a procuring cause is a cause originating a series of events which without break result in the accomplishment of the objective. A broker, in the absence of a special agreement, and there is none here, has earned her commission when she has produced a customer who buys the property at a price acceptable to the owner. The plaintiff claims here under an express oral agreement with the defendant, that is a contract specifically agreed to in its essential parts between the parties. To establish her performance of that undertaking, the plaintiff must show that the sale was made; that she made it, or, in other words, that she was the procuring cause. * * * To be the procuring cause of the sale the plaintiff must have done acts which were the direct and proximate cause of the completed sale though she need not necessarily have been actually present with the parties during the negotiations which resulted in the closing of the transaction. The broker's efforts need not be the sole cause of the sale. It is essential that her effort dominate the transaction and amount to something more than an incidental or contributing influence."

It is not the plaintiff's argument here that the charge, as just quoted, was not correct insofar as it went. What is claimed is that the charge was incomplete, and did not instruct the jury on every material issue necessary to its decision, which was the duty of the court. *State* v. *Coburn*, 122 Vt. 102, 105, 165 A.2d 349.

■ As the brief of the plaintiff states the whole cause of action of the plaintiff is based upon the seeing of her sign by the subsequent purchasers of the Oak Street house and the actions taken by them as a result of viewing the sign. Either the seeing of Mrs. Nauceder's sign was the procuring cause of the sale of the Howard property to the Tuttles, or it was not. It was for the jury to consider such inferences as they thought arose from the situation and say whether plaintiff's efforts, as represented by the sign, was the procuring cause of the transaction between Mrs. Howard and the Tuttles, or whether it

came about in a manner unrelated to this effort of the plaintiff. *Walbridge Agency, Inc.* v. *Rutland Hospital,* 123 Vt. 149, 153, 186 A.2d 179.

█ █ Under the peculiar circumstances of the instant case, where the all important question before the jury was whether the sign of the plaintiff, standing alone, was the procuring cause of the real estate sale, the instruction requested by the plaintiff was material to their decision. The record makes clear that the jury considered instructions relative to the sign of great importance in their deliberations for at one point after they had retired they returned to the courtroom and stated to the presiding judge: "We want instructions, the charge to the jury in regard to the sign * * *" At this point the plaintiff again excepted to the failure of the court to charge the jury as requested, but the court again refused to so charge. It is always the duty of the court to charge fully and correctly upon every point indicated by the evidence, material to a decision of the case. *State* v. *Brisson,* 119 Vt. 48, 53, 117 A.2d 255. The failure to do so here results in error and requires reversal.

█ Plaintiff has also briefed her exception to the lower court's refusal to set aside the verdict and grant a verdict for the plaintiff, the jury verdict notwithstanding. This motion is treated the same as a motion for a directed verdict. *Whitmore* v. *Mutual Life Insurance Co.,* 122 Vt. 328, 330, 173 A.2d 584. The plaintiff made no motion for a directed verdict. *Skoll* v. *Cushman,* 111 Vt. 160, 164, 13 A.2d 180.

█ By allowing the case to go to the jury at the close of all the evidence in the case without a motion by the plaintiff to the court to direct a verdict in her favor, the plaintiff was barred from presenting a motion for a verdict directed in her favor after verdict, although such motion was in form that of a motion to set aside a verdict for the defendant, and granting a verdict for the plaintiff, the jury verdict notwithstanding. No error is found in the denial of this motion below.

*The entry is "Judgment reversed and the cause is remanded for a new trial."*