THE REYNOLDS-McGINNESS Co. *v.* GEORGE W. GREEN.

May Term, 1905.

Present: ROWELL, C. J., TYLER, MUNSON, START, WATSON, and HASELTON, JJ.

Opinion filed July 22, 1905.

*Executors—Contracts for Benefit of Estate—Personal Liability — Statute of Frauds—Brokers—Commissions— Expenses.*

When an executor contracts for services which are for the benefit of the estate that he represents, without limiting his liability, he binds himself in his individual capacity.

A debt thus contracted is not the debt of said estate, and, therefore, is not within that clause of the Statute of Frauds relative to the "special promise of an executor or administrator to answer damages out of his own estate."

When a broker who has been employed to sell real estate fulfils his part of the agreement, and seasonably finds a customer who is ready and able and legally bound to purchase the property and pay for it upon the terms prescribed by the owner, and notifies the owner that he has such a customer, giving his name, the broker is entitled to the commission agreed upon, although, because of the owner's refusal to convey, the sale is not perfected.

The defendant, as executor of a will, by a written contract employed plaintiffs, who were real estate brokers, to sell a farm belonging to the estate upon specified terms and for an agreed commission. Plaintiffs found a customer who was ready and able to purchase the farm and to pay for it upon the terms specified, and so notified defendant, and fully performed their part of the contract, but defendant declined to convey. In an action to recover the commission, *held*, that defendant was liable on the contract in his individual capacity; that the contract was not within that clause of the Statute of Frauds relative to the "special promise of an executor or administrator"; and that plaintiffs were entitled to recover the commission agreed upon.

The fact that defendant did not, at the time he made the contract, have a license from the probate court to sell the farm is probably immaterial. But, if material, the objection is obviated by the fact that, before the contract was made, the parties interested in the estate had authorized defendant to sell the farm.

The commission which defendant agreed to pay plaintiffs for their services is a proper book charge, and is recoverable in an action of book account.

In the absence of an agreement by defendant to pay the expenses incurred by plaintiffs in procuring a customer, it must be taken that the agreed commission was for services and expenses.

BOOK ACCOUNT. Heard on the report of an auditor at the March Term, 1904, Chittenden County, *Powers, J.;* presiding. Judgment for the plaintiffs to recover $180 damages and costs, the agreed commission, and disallowing plaintiffs' charge of $16.24 for expenses. Both the plaintiffs and the defendant excepted.

The Reynolds-McGinness Co. is a firm. The opinion states the case.

*M. G. Leary* for the defendant.

*Martin S. Vilas* and *Rufus E. Brown* for the plaintiffs.

The Statute of Frauds has no application to this case. *Bellows* v. *Sowles,* 57 Vt. 164; *Templeton* v. *Bascom,* 33 Vt. 132; *Cross* v. *Richardson,* 30 Vt. 164; *Lampson* v. *Hobart,* 28 Vt. 679; *Harrington* v. *Rich,* 6 Vt. 666; *Randall* v. *Kelsey,* 46 Vt. 163; *Aiken* v. *Bridgman,* 37 Vt. 249; Brown, Stat. Frauds, 150, 184; 2 Redf. Wills, 290; *Haskell* v. *Bowen,* 44 Vt. 579; *French* v. *Est. of Thompson,* 6 Vt. 54; *Anderson* v. *Davis,* 9 Vt. 136; *Powers* v. *Douglass,* 53 Vt. 471; *Reid* v. *Nash,* 1 Wils. 305; *Rix, Admr.* v. *Nevins,* 26 Vt. 304; *Smith* v. *Estate of Rogers,* 35 Vt. 140.

It is well settled that a broker is entitled to his commission when his part of the contract is performed. *Durkee* v. *Vt. C. R. R. Co.,* 29 Vt. 142; *Casady* v. *Seely,* 29 N. W. (Iowa) 93; *Reed* v. *Reed,* 82 Pa. St. 420; *Lane* v. *Albright,* 49 Ind. 275; *Hyams* v. *Miller,* 71 Ga. 608; *Desmond* v. *Stebbins,* 140 Mass. 339.

The broker is entitled to his necessary expense in procuring a purchaser. *Lacey* v. *Hill,* L. R. 18 Eq. 182; *Didion* v. *Duralde,* 2 Rob. 153 (Wis. 1896); *Carpenter* v. *Momsen,* 92 Wis. 449, 65 N. W. 1027.

START, J. The defendant, as executor of the estate of B. S. Kenyon, had a farm to sell, and employed the plaintiffs, who were real estate brokers, to sell it for him for six thousand dollars with a payment of fifteen hundred dollars down and a mortgage on the premises to secure the payment of the balance of the purchase money, and agreed to pay the plaintiffs for so doing a commission of three per cent.

The plaintiffs found a party who agreed to take the farm on the terms agreed upon by the plaintiffs and defendant;

notified the defendant, and fully performed their part of the contract, but the defendant declined to convey the farm and for this reason the sale was not consummated.

The fact that the services contracted for were for the benefit of the estate does not excuse the defendant from personal liability. In making the contract he did not limit his liability. When an executor contracts for the performance of services which are for the benefit of the estate which he represents, without limiting his liability, his contract is personal, and he is liable to the same extent and may be sued in his individual capacity the same as he would or could be for services rendered for his personal benefit. *Rich* v. *Sowles*, 64 Vt. 408; *McIntyre & Wardwell* v. *Williamson*, 72 Vt., 183. Nor is the defendant exempt from liability by reason of V. S. 1224, which provides, in part, that no action at law or in equity shall be brought upon a special promise of an executor or administrator to answer damages out of his own estate, unless the promise is in writing and signed by the party charged therewith, or by some person thereunto by him lawfully authorized.

The debt was not a debt of the estate, and could not be made such, except so far as it might be a charge by the defendant as executor in the settlement of his account for administration expenses, and the defendant's promise was not a promise to answer in damages for a debt due from the estate to the plaintiffs out of his own estate, but was a promise made by him personally in order to obtain the performance of service which it was his duty to perform. His promise was therefore an original undertaking and not within the Statute of Frauds, *Bellows* v. *Sowles*, 57 Vt. 164. The fact that the defendant did not, at the time he made the contract, have a license from the probate court to convey the farm is probably immaterial, *Barthell* v. *Peter*, 88 Wis. 316, 43 Am. St.

Rep. 906. But, if. it is a fact that should be noticed, it will not, in view of other facts found by the auditor, prevent a recovery. It is found that the parties interested in the estate had, before the contract was entered into, authorized the defendant to sell the farm; that there was nothing to prevent his procuring a license from the probate court for that purpose and that he did procure and have such a license at a time when the plaintiffs had a party ready, able and willing to take the farm on the terms proposed by the defendant and at the time the defendant refused to convey the farm. Nor will the fact that the sale was not perfected by a conveyance and the payment of the price for which the defendant offered to sell the farm defeat the plaintiffs' action. The failure to perfect the sale was through no fault of the plaintiffs, but was due solely to the refusal of the defendant to convey the property. If a broker within a reasonable time, if the time be not limited by the agreement, and so of the essence of the contract, find a customer who is both willing and able to take and pay for the property in the hands of the broker for sale upon the conditions imposed by the owner, and notifies the owner that he has such a customer, giving the name of the customer, and fully performs on his part, and the sale is not perfected by reason of the refusal of the owner to convey, the broker is entitled to the commission agreed upon. *McFarland* v. *Lillard,* 2 Indiana Appeals, 160; 50 Am. St. Rep. 234; *Cook* v. *Fiske,* 12 Gray 491; *Roche* v. *Smith,* 176 Mass. 595; 79 Am. St. Rep. 345; *Wray* v. *Carpenter,* 16 Col. 271; 25 Am. St. Rep. 265; *Gelatt* v. *Ridge,* 117 Mo. 553; 38 Am. St. Rep. 683; *Barthell* v. *Peter,* 88 Wis. 316; 43 Am. St. Rep. 906.

The facts found by the auditor do not justify the claim of the defendant, that the contract of sale was not in writing and therefore not enforceable, nor the claim that the plaintiffs did not inform him, and he did not know the name of

the party negotiating for the purchase of the farm. The contract of sale was in writing, signed by the party agreeing to purchase the farm on the terms proposed by the defendant, and seasonably shown to the defendant by the plaintiffs, and is plaintiffs' exhibit four.

The commission which the defendant agreed to pay the plaintiffs for their services is a proper book charge and is recoverable in this action.

The item, in the plaintiffs' specification, of $16.24 for expenses incurred by them in procuring a purchaser was properly disallowed by the auditor. The defendant did not agree to pay their expenses and in the absence of such an agreement it must be taken that the commission of three per cent on purchase price of the farm was for their services and expenses. 23 Am. and Eng. Ency. (2nd edition) 925.

*Judgment affirmed without costs to either party in this Court.*