## Norris E. Mercia v. Roger Billings

[ 238 A.2d 636 ]

December Term, 1967

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed February 6, 1968

*Robert A. Magoon* for the plaintiff.

*Davis, Martin & Free* for the defendant.

**Shangraw, J.** The plaintiff is a real estate agent. He is seeking to collect a commission which he claims is due him. For purposes of a hearing by the Chancellor of the Lamoille County Court, and on appeal to this Court, this case was consolidated, heard, briefed and argued with case Docket No. 750 of *Thomas F. Buchannon, Jr. and Rita Buchannon* v. *Roger Billings,* 238 A.2d 638. One set of findings was filed by the Chancellor covering both cases, which was followed by one decretal order.

78

The Chancellor found in plaintiff's favor. Paragraphs 2 and 3 of this order directed that the defendant, Billings, pay to plaintiff, Mercia, the sum of $1,000.00 together with interest thereon computed from July 1, 1963 to September 1, 1966 at six percent, together with costs. It is from the foregoing that the defendant has appealed to this Court.

The facts as found in the *Buchanan* case, *supra,* insofar as material, are controlling here and need not be recited in detail.

Briefly, the defendant "listed" for sale with the plaintiff certain properties which he owned located in the Town of Elmore, Vermont. Through the efforts of plaintiff the Buchanans became interested in the purchase of this real estate. On April 1, 1963, and as a result of plaintiff's endeavors, the defendant gave the Buchanans a written option to purchase the property at the agreed price of $20,500.00.

On April 11, 1963 the defendant also executed and delivered to John Eaton, or Eaton Lumber Company, an option to purchase property, which included the real estate contained in the Buchanan option. This led to litigation. On a complaint brought by the Eaton Lumber Company against the defendant, a chancery court on May 9, 1963 issued an injunction enjoining and restraining the defendant from conveying or selling his real estate located in the Towns of Elmore and Wolcott, Vermont. The defendant later conveyed the property to the Eaton Lumber Company during September 1964.

On April 11, 1963, and within the option period, the defendant renounced and repudiated the Buchanan option. The Buchanans made repeated demands on the defendant to convey the property to them. They were at all times ready, willing and able to comply with the option terms. The defendant, through no fault on the part of the Buchanans, declined to transfer the property to them. The action of *Thomas F. Buchannon, Jr. and Rita Buchannon* v. *Roger Billings, supra,* for damages followed. The Chancellor found damages in the plaintiff's favor and so decreed.

For reasons stated in the *Buchannon* case, *supra,* this Court, on appeal held that defendant breached the option agreement by failing to keep the option open, and declining to convey the property.

To defeat recovery by the plaintiff, in the case now considered, the defendant claims that since the option agreement never obtained the status of a contract for the sale and purchase of land, plaintiff cannot prevail and that the decree of the Chancellor in plaintiff's favor should be reversed.

■ It is the well recognized law of this State that, to entitle a broker to a commission for the sale of property, it is necessary for him to produce a person ready, willing and able to purchase it at the price and upon the terms prescribed by the owner. *Benoit* v. *Wing,* 117 Vt. 477, 478, 94 A.2d 237; *Oben* v. *Ducharme,* 93 Vt. 211, 217, 106 A. 777; *Reynolds-McGinness Co.* v. *Green,* 78 Vt. 28, 32, 61 A. 556.

■ It is a general rule that a broker employed to find a purchaser for, or to sell, property, is not entitled to compensation where he merely procures a third party to take an option on the property and the option is not exercised. 12 Am.Jur.2d, Brokers, section 188, and cases cited. Also, see Annotation, 23 A.L.R. 856.

The facts in this case present a different situation. The bargain fell through by reason of the defendant's fault and not because of any fault or failure of the plaintiff. The plaintiff was prevented from exercising his rights and privileges under the option by the refusal of the defendant to comply with his part of the agreement.

■ It appears to be well settled that if an optionee is ready, willing and able to exercise the option, but is prevented by the refusal of the owner to comply with the terms thereof, the broker is then entitled to his commission. *Hanscom* v. *Blanchard,* 117 Me. 501, 105 A. 291, 3 A.L.R. 545; 12 Am.Jur.2nd Brokers, section 188 at page 930; Also, Annotation, 23 A.L.R. at page 860.

■ The findings of the Chancellor reveal that $1,000.00 is the amount the defendant agreed to pay the plaintiff as commission provided the latter produced a buyer for the property in question.

Plaintiff is entitled to recover.

*Paragraphs 2 and 3 of the decretal order are affirmed.*