Bruce P. Meyer v. Stanley Furgat
and
Edward DiBiasio v. Stanley Furgat

[336 A.2d 169]

Nos. 40-74 & 41-74

Present: Barney, C.J., Smith, Keyser, Daley and Larrow, JJ.

Opinion Filed April 1, 1975

*Natt L. Divoll, Jr.,* Bellows Falls, for Plaintiff.

*Thomas M. French,* Brattleboro, for Defendant.

Barney, C.J. A real estate agent and a rejected buyer are suing the would-be seller of land in this consolidated action. Both the agent, Meyer, and the buyer, DiBiasio, recovered judgments below, but one judgment is mathematically in error and must be reformed, even if otherwise supportable. The seller, Furgat, has appealed both cases.

The findings disclose that the defendant, together with his wife, now deceased, owned land in the Town of Rockingham. In 1971 the plaintiff DiBiasio contacted the plaintiff Meyer as a real estate agent in his search for land suitable for the location of a car agency. DiBiasio had seen the land owned by the defendant and asked Meyer if it was listed with him. Meyer, through his agent Weltz, obtained a listing on the property, said to be some six acres, for a purchase price of $28,000.00, subject to a ten per cent commission. The description in the listing was the description on the tax map of the Town of Rockingham.

Weltz contacted DiBiasio and on November 1, 1971, a deposit receipt and sales agreement were executed by DiBiasio agreeing to purchase the property at the listed price of $28,000.00. After consulting with his then attorney, the defendant also executed the agreement. All that stood between final consummation of the sale and the passing of the deed and the purchase price was the obtaining of a building permit and an environmental permit under Act 250, so-called.

In the process of carrying out these matters, DiBiasio had the property surveyed. The survey disclosed that the property included not only the six acres north of old Route 103, but also an unexpected additional 2.1 acres between old and new Route 103. This piece, due to its topography and location, was not suitable for commercial development, and structures could not be built upon it. The selectmen granted a building permit to DiBiasio subject to the inclusion of this 2.1 acre strip.

The defendant reacted to the acreage revealed by the survey by asking for additional compensation for the extra land. DiBiasio offered him an additional $2,000.00 on May 31, 1972, but the defendant turned it down, indicating that his price was $8,000.00 for the extra acreage. He confirmed this July 17, 1972, by executing a listing agreement for the land at a price of $8,000.00, again with the Meyer agency, and again subject

to a ten per cent commission. The commission was later waived in response to objections from the defendant.

DiBiasio made the required deposit and, on August 3, 1972, a meeting was had at the office of the defendant's attorney, with a view to completing the transaction. The defendant did not appear. The plaintiff DiBiasio tendered the balance of the purchase price remaining on both parcels, $32,400.00, but to no avail. He subsequently bought and located his agency in another community.

The lower court awarded judgment for Meyer in the amount of $2,800.00 plus costs, that judgment representing the commission due on the original transaction. The judgment in favor of DiBiasio was made up of expenses of $2,275.91, representing direct expenditures involved in arranging the sale. A second sum of $1,596.00 was awarded for mileage and overnight expenses. This comes to $3,871.91. Unfortunately, in preparing the conclusions of law and the judgment order, $1,596.00 was added twice to the $2,275.91 figure, making it that much too high, and requiring appropriate amendment, if otherwise valid.

The defendant's attack on the judgment is based on three concerns, one of which is the arithmetical error described above. The others are, first, that the contract did not sufficiently identify and describe the property to be conveyed; and, second, that the plaintiff buyer failed to meet the closing date as required under the terms of the deposit receipt and sales agreement. Neither of these defenses amount to enough in law to avoid the sound determinations of the lower court on the substantive issues presented.

Although the measure of the property to be conveyed turned out to vary from the first understanding, the identity of the property was never in any dispute. Both buyer and seller knew what was meant, and it was identifiable with sufficient certainty from the Rockingham tax records to satisfy the law's requirements. The seller cannot avoid his agreement by raising a question of identity that was not at issue between the parties when the agreement was made. The buyer here was ready, willing and able to buy what the seller was offering for

sale. *See Pond* v. *Carter,* 126 Vt. 299, 305, 229 A.2d 248 (1967).

■ The defendant's reliance on the thirty-day provision in the first deposit receipt and sales agreement is not well founded. Several considerations support this.

The agreement called for possession to be given on or before the expiration of thirty days after the approval from the Environmental Board. When this approval came about, it also involved the unexpected smaller parcel. Since the defendant refused to proceed until the sale price of that additional land was arrived at and met to his satisfaction, he must be said to have foregone his right to insist on performance of that condition. It is basic that one cannot be faulted for failure to perform a contract provision by one whose own acts prevented compliance. *Mercia* v. *Billings,* 127 Vt. 77, 79, 238 A.2d 636 (1968). The tender of the full amount for both parcels came just seventeen days after the defendant executed the listing of the second parcel. This was certainly adequate to satisfy the law's requirement for compliance sufficient to put the defendant in default. The lower court properly so found.

■ Beyond the argument concerning the error in arithmetic in the judgment below, the defendant also claims that the travel expense damages were not foreseeable beyond those spelled out in the contract, and therefore not compensable. This issue, that is, whether damages resulting from a breach are the direct and natural result of it, is a question of fact for the trial court. *Curtis Funeral Home, Inc.* v. *Smith Lumber Co.,* 114 Vt. 150, 155, 40 A.2d 531 (1945). The lower court found that the expenses were incurred in furtherance of the completion of the contract. This result is supported by the evidence and must stand.

*The judgment in favor of plaintiff Edward DiBiasio in Docket No. 41–74 is amended to read, "Pursuant to the Findings of Fact and Conclusions of Law filed January 4, 1974, Judgment is awarded to the Plaintiff, Edward DiBiasio, in the amount of $3871.91, plus costs of $44."*

*The judgment in favor of Bruce P. Meyer, Docket No. 40–74, is affirmed.*