## Robert W. Haberman v. Department of Employment Security

[396 A.2d 141]

No. 40-78

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed December 12, 1978

*Gary H. Barnes* of *Downs, Rachlin & Martin,* South Burlington, for Plaintiff.

*George E. Spear, II,* Swanton, for Mississquoi Valley Union High School.

*Michael F. Ryan,* Montpelier, for Department of Employment Security.

**Per Curiam.** This is an appeal from the denial of a teacher's application for unemployment compensation.

The appellant, Robert W. Haberman, was employed by Mississquoi Valley Union High School as a teacher during the 1976–1977 academic year. On February 28, 1977, the Board of School Directors sent the appellant a signed teaching contract for the following school year in compliance with Article X of the Master Agreement. This article also required that the "[c]ontract . . . be returned by the teacher within thirty (30) days." On the thirtieth day, the appellant returned his contract unsigned with a letter requesting additional credit for his industrial experience. Although aware of his right to do so, he did not request an extension of the due date. The school board voted to deny the appellant's request for re-evaluation. They notified him of this action and declared his position open.

At the conclusion of the 1976–1977 school year, the appellant applied for unemployment compensation benefits. His claim was denied by the claims examiner. The examiner's denial was upheld by the appeals referee and the Employment Security Board. They both found that the appellant voluntarily left his teaching position without good cause attributable to the employer and, thus, that he was disqualified from receiving benefits under 21 V.S.A. § 1344(a)(2)(A). Specifically, the Employment Security Board found that by failing to return a signed contract, the appellant "elected to act in a manner which was contrary to the provisions of the master contract" and that this constituted voluntarily leaving em-

ployment without good cause under the Unemployment Compensation Law. We agree.

The appellant would have us reverse the Employment Security Board because the Master Agreement only required the contract be returned within thirty days and not that it be returned signed. Since he returned the contract as required, he argues that it was the school board and not he that terminated his employment. We find this construction of the provision unpersuasive. The obvious purpose of this article was to provide for the renewal of these contracts by requiring that the teacher accept or reject the school board's offer within thirty days, unless an extension was requested and granted. It is well established that a contract must, if possible, be construed so as to give effect to every part. See *Cross-Abbott Co.* v. *Howard's Inc.*, 124 Vt. 439, 207 A.2d 134 (1965). "A contract between a board of school directors and a teacher [is not] valid unless . . . signed by the [parties]." 16 V.S.A. § 1751. In light of this statute, appellant's construction would require us to find that the parties intended the contract to require a meaningless formality. This we decline to do.

*Affirmed.*