## Anna C. DeLance v. John A. Hennessey and Patricia C. Hennessey

[401 A.2d 903]

No. 218-78

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 17, 1979

*Dinse, Allen & Erdmann,* Burlington, for Plaintiff.

*Joseph M. O'Neill,* Rutland, for Defendants.

Hill, J. The plaintiff-appellee, an elderly widow, is the mother of the defendant Patricia Hennessey and the mother-in-law of the defendant John Hennessey. She owned and resided in a home in Pittsford, known as the Creed Homestead. Concerned about maintaining herself in her old age, she entered into an arrangement with the defendants whereby in exchange for the deed to the property the defendants promised to provide for her care and support. They agreed to pay all her expenses; including food, clothing, heat, utilities, taxes and insurance. They further agreed to maintain the house and to live with the plaintiff after certain necessary repairs were made. The deed did not incorporate the agreement of the parties nor was a separate instrument prepared evidencing it. The defendants, however, do not here dispute its terms.

The plaintiff, claiming that the defendants failed to perform the agreement, brought this action seeking cancellation of the deed. She also sought other damages no longer in issue. The defendants denied that they had breached the agreement and entered a counterclaim for damages.

After a hearing, the court made findings of fact and conclusions of law. It decreed, *inter alia,* that the defendants reconvey the homestead to the plaintiff, subject to a lien in favor of the defendants in the amount of $7,500, payable when the property is sold or at the plaintiff's death.

The defendants brief two claims of error. They argue that the trial court erred in ordering reconveyance of the property and, in the alternative, that the lien imposed for their benefit is inadequate.

■■■ The parties agree that the guiding principle of law is stated by *Blanchard* v. *Knights,* 121 Vt. 29, 146 A.2d 173 (1958), which held, in similar circumstances, that to justify cancellation or rescission based on failure of consideration at least a substantial failure to perform the contract must be shown. Accord, *Abbott* v. *Sanders,* 80 Vt. 179, 66 A. 1032 (1907). The defendants argue that the trial court's conclusion that such a failure occurred here is without support in the record. Although they quarrel with the conclusion, the defendants have not challenged the trial court's findings of fact. For the purposes of this appeal, those findings therefore conclusively state the facts. *Hopkin* v. *Goetz,* 132 Vt. 581, 582, 326 A.2d 12, 13 (1974). In this light it is apparent that the substance of the defendants' position is that the facts as found do not amount to a substantial failure to perform. After careful review of the findings, we do not agree.

The findings establish that, with the exception of repairing the roof and rebuilding the porch soon after the agreement was made, the defendants wholly failed to maintain the premises. The plaintiff did continue to live in the house, but the defendants did not join her there. For a time, the defendants' daughter, Mary Ellen, and/or their son, Patrick, lived at the homestead. During this period the defendants paid the plaintiff $40 a week for food. In the summer of 1973, when Mary Ellen left the household, the payments stopped. In March of 1975, the defendants stopped providing food altogether.

The findings also show that since July of 1974 the defendants have not paid the phone bill. For a time the phone was disconnected. Since November of 1975, the defendants have made no payments of any kind for the plaintiff's benefit, except to keep up the insurance premiums and tax payments on the homestead.

The defendants suggest that their obligations were terminated when the plaintiff charged them with breach or when suit was filed. They cite no authority for this proposition and our own research reveals none. Without determining the validity of this claim as a matter of law, we reject it as irrelevant to our determination of this case. The allegation of breach was made on December 1, 1975. Therefore, even acceptance of the defendants' proposition would result only in

excluding from our consideration those acts and failures which occurred after that date. We do not hesitate to conclude that the defendants' failures which preceded December 1, 1975 —which include all of the facts stated above except the cessation of payments on the plaintiff's behalf after November— constitute a substantial breach of the agreement. Compare *Ferrero* v. *Siel,* 397 P.2d 501 (Okla. 1964) with *Doom* v. *Doom,* 8 Ill. App. 3d 186, 289 N.E.2d 243 (1972). We therefore do not decide whether an allegation of breach or the commencement of litigation charging breach will excuse the charged party from further performance under the contract.

■■■■ The defendants also argue that the trial court's conclusion of substantial failure to perform is insufficient to support the relief granted since their obligations under the agreement were excused because the plaintiff prevented them from performing. Vermont law recognizes that a party's failure to perform a contractual obligation is excused where the promisee has prevented performance. *Meyer* v. *Furgat,* 133 Vt. 265, 268, 336 A.2d 169, 172 (1975). Other jurisdictions have applied the rule in actions for cancellation of deeds given for promises of support. E.g., *Craig* v. *Beach,* 303 Ky. 516, 198 S.W.2d 220 (1946). But this is not an appropriate case for its application. The defendants refer to four instances as exemplary of prevention. They point out that since September of 1972 the plaintiff has refused to speak to or remain in the presence of the defendant John Hennessey; that the plaintiff refused to allow them to hold a party on the premises for their son; that when asked to reconcile their differences the plaintiff said: "There is nothing to talk about"; and finally that the plaintiff once failed to appear to meet with the defendants. These events merely show that the defendants' argument is based on dissension between the parties. This is hardly an unusual state of affairs between litigants. Cases of this nature usually involve, as this one does, opponents who once had a close relationship. The grantors are generally aged and, not infrequently, in poor health. The grantees, usually trusted friends or relatives, enter the agreements with full knowledge of the nature and circumstances of the grantors. Whatever the law may be in other instances, it would be inequitable and unrealistic to hold that such grantees may, with-

out penalty, escape performance on a showing that the grantor's disposition made such performance disagreeable.

The cases cited by the defendants in support of their position, *Craig* v. *Beach, supra,* and *McGillivray* v. *Peterson,* 73 S.D. 266, 41 N.W.2d 832 (1950), are not inconsistent with the above analysis. Both cases involved instances in which the grantors truly prevented performance; they left the premises conveyed. In a more recent case applying the defense, *Zullig* v. *Zullig,* 502 P.2d 198 (Wyo. 1972), prevention was even more clearly demonstrated. There the grantor not only removed himself from the premises, he testified that he would not be willing to accept further performance if tendered. *Id.* at 202. All of these cases demonstrate prevention on a far different scale from the mere disagreement shown here. Cf. *Cushman* v. *Outwater,* 121 Vt. 426, 432–34, 159 A.2d 89, 93–94 (1960) (in analogous circumstances, conduct which made the promisors' occupancy "impossible" did not excuse performance).

■■ The defendants' second claim of error concerns the $7,500 lien on the homestead. They argue that it is inadequate as to amount and inequitable in that it requires that payment await the ultimate disposition of the property. They claim that $15,000 was expended by the defendants on behalf of the plaintiff and seek its return. This Court has held, however, "that where premises were conveyed on condition that the grantee support the grantor, such a conditional deed is to be treated as a mortgage to secure the grantee's performance, and upon breach by him, equity may grant relief by foreclosing and extinguishing his rights under the conveyance." *Blanchard* v. *Knights, supra,* 121 Vt. at 36, 146 A.2d at 178. The showing made in this case justifies the trial court's invocation of its broad equitable power to fashion an appropriate remedy. *Id.* A lien is a "characteristic equitable device appropriately used to secure the obligations of a decree by the very property subject to the equitable interest involved." *Cushman* v. *Outwater, supra,* 121 Vt. at 431, 159 A.2d at 92. The lien imposed here was within the discretionary authority of the trial court. The amount of the lien was appropriate in light of the unchallenged findings of fact.

*Affirmed.*