## Town of Lyndon v. Burnett's Contracting Co., Inc. and Hartford Accident and Indemnity Co.

[413 A.2d 1204]

No. 302-78

Present: Daley, Billings and Hill, JJ., and Smith, J. (Ret.), and Hayes, Superior Judge, Specially Assigned

Opinion Filed February 5, 1980

Motion for Reargument Denied February 28, 1980

104

*Witters, Zuccaro, Willis & Lium, Inc.*, St. Johnsbury, for Plaintiff.

*Howard J. Seaver*, Office of *Donald E. O'Brien*, Burlington, for Defendants.

Daley, J. This is an appeal from a judgment against defendants for breach of a bid proposal and bid bond. The court awarded plaintiff damages in the amount of the bid bond, as provided in the liquidated damages clauses of the proposal and bond. Defendants appeal.

In 1975, defendant Burnett's Contracting Co., Inc. (Burnett) submitted a bid to plaintiff, Town of Lyndon, on Contract No. 2 for the construction of interceptor sewers and force mains. This bid was bonded by defendant Hartford Accident and Indemnity Company (Hartford). By submitting the bid proposal, Burnett agreed that it would not revoke its bid within sixty consecutive days after the opening of the bids, and that it would sign the contract agreement if its bid was accepted. By bonding this bid, defendant Hartford assumed secondary liability for any breach of the bid proposal by Burnett.

The bid proposals were opened on July 16, 1975. Shortly thereafter, plaintiff notified defendant Burnett of its intent to accept defendant's bid. Although Burnett had assumed that plaintiff possessed all easements necessary for completion of the job, soon after its bid was accepted it discovered that plaintiff lacked 14 easements.

By August 27, plaintiff still lacked 8–9 easements. On that date, two letters crossed in the mail. In one, plaintiff notified defendant as to the time and place of the contract signing. In the other, Burnett notified plaintiff that, because of the lack of necessary easements, "we cannot enter into a contract to perform the proposed project."

Plaintiff replied that it would proceed with the scheduled contract signing, and that it was prepared to execute the contract in accordance with the bid proposal. Nonetheless, the contract was never executed by defendant Burnett. Furthermore, defendant Hartford rejected plaintiff's demand for payment on the bid bond.

Plaintiff brought this action for breach of contract against Burnett and Hartford in superior court. Burnett counter-

claimed against plaintiff for breach of an agreement to obtain all necessary easements, and for fraudulent misrepresentation. At the close of the trial, the court granted plaintiff's motion to dismiss the counterclaim. Subsequently, by order of September 26, 1978, the court entered judgment in plaintiff's favor against both defendants.

The defendants join in three principal claims here:

1. That plaintiff breached an agreement, which goes to the essence of the contract, by not having all necessary easements in hand when the bid was accepted (or, at the latest, when Burnett was to have signed the contract), and therefore Burnett was excused from performance;

2. That the contract should be rescinded because Burnett entered into it under a unilateral mistake of fact, not resulting from any negligence on Burnett's part, and not arising without fault on the part of the plaintiff; and

3. That Burnett should be relieved of its obligation to perform because performance was impossible.

In addition, defendant Burnett claims error in the dismissal of its counterclaim for breach of contract and fraudulent misrepresentation.

The claim that defendants are excused because plaintiff breached an agreement to have all easements in hand by the date the contract was to be signed fails because plaintiff made no such agreement. Defendants rely on § 6.16 of the contract, which states in part: "The Contractor is advised that copies of all permanent and temporary easements and rights-of-way for work done under this contract are on file at the municipal office." Defendants argue that this provision bound plaintiff to have all easements for the entire job on file at the municipal office prior to execution of the contract. Failure to have these easements, according to defendants, breached the essence of the contract because Burnett's bid assumed a particular cost-efficient sequence of work, which was made impossible by the absence of key easements. The plaintiff, on the other hand, argues that the provision means only that all easements that the town has acquired to date

are available at the office for inspection, but not that the town has acquired all easements that will ever be needed for the job.

■■ The meaning of a contract is to be determined by examination of every material part, in order to form a harmonious whole. *Cross-Abbott Co.* v. *Howard's, Inc.*, 124 Vt. 439, 441, 207 A.2d 134, 137 (1965); *Breding* v. *Champlain Marine & Realty Co.*, 106 Vt. 288, 296, 172 A. 625, 628 (1934). Several other sections of the contract contradict Burnett's interpretation of § 6.16. Section 4.3 specifies that the sequence of the work "shall be subject to the approval of the Engineer who shall have authority to direct that changes be made in such sequence where public necessity or welfare shall require," and that the engineer's approval or direction does not affect the contractor's responsibility for the work. Section 4.13 provides for commencement of work within ten days after receipt of the owner's notice to proceed, "at such points as the Engineer may approve." Most important, however, is the express contradiction of Burnett's interpretation of § 6.16, contained in § 4.14:

> The Owner may delay the beginning of the work or any part thereof if the necessary lands or rights-of-way for such work shall not have been obtained. The Contractor shall have no claim for damages on account of such delay, but shall be entitled to ... additional time ....

■ It is true, as defendants argue, that § 6.16 is one of the special conditions which, according to § 6.1, control whenever there is a conflict with another provision. If possible, however, a contract must be construed to give effect to every part, and therefore this Court will avoid constructions that render ineffectual any part of the language of a contract. *Haberman* v. *Department of Employment Security*, 136 Vt. 573, 575, 396 A.2d 141, 142 (1978) (per curiam); *Furlon* v. *Haystack Mountain Ski Area, Inc.*, 136 Vt. 266, 269, 388 A.2d 403, 405 (1978). Section 6.16, when read in conjunction with § 4.14, simply means that all easements that have been acquired are on file; it does not mean that all easements for the entire project are on file. This construction avoids any conflict between the provisions, and gives effect to

the instrument as a harmonious whole. Finally, even had defendants' view prevailed, we fail to see how defendants were harmed by the lack of several easements, because the contract as a whole does not allow the contractor absolute control over the sequence of its work.

██ Before leaving the question of the construction of the contract, we note that defendants claim error based on the trial court's finding of a custom in the industry "that 75% of the municipalities do not have all the necessary pipe line easements at the time of invitation for bids from contractors and 55% of the municipalities do not have all the necessary pipe line easements at the time the contract is signed." If this was error (which we do not decide), it was harmless error, because the other findings amply support the judgment in plaintiff's favor. A superfluous finding does not constitute reversible error if this Court is not satisfied that the excepting parties have been prejudiced by it. *Loeb* v. *Loeb*, 118 Vt. 472, 490, 114 A.2d 518, 529 (1955).

██ Defendants' next claim is that Burnett submitted its bid under a unilateral mistake of fact as to the possession of the easements, and that therefore the bid proposal should be rescinded. Although unilateral mistake does not preclude rescission, the rule is that where the mistake has resulted solely from the negligence or inattention of the party seeking relief, and the other party is without fault, relief will not be granted absent unusual circumstances that would make enforcement of the agreement manifestly unjust. *Sparrow* v. *Cimonetti*, 115 Vt. 292, 301, 58 A.2d 875, 882 (1948); *New York Life Insurance Co.* v. *Kimball*, 93 Vt. 147, 153, 106 A. 676, 678 (1919). In this case, the court found that Burnett made no inquiries about easements prior to submitting its bid, but that "[i]t just assumed that Plaintiff had already acquired them." The court also found that the plaintiff did not represent to Burnett that it had acquired all the easements. These findings are not challenged here, and are therefore conclusive for the purposes of this appeal. *DeLance* v. *Hennessey*, 137 Vt. 214, 216, 401 A.2d 903, 904 (1979). On the basis of these findings, we can only conclude with respect to the claim of mistake that defendant Burnett "has no one and nothing to blame except his own negligence and inatten-

108

tion." *Norton* v. *Haggett*, 117 Vt. 130, 132, 85 A.2d 571, 573 (1952). No special circumstances having been shown, we cannot say that it would be manifestly unjust to hold defendants to their agreements.

■ Defendants also argue that plaintiff's failure to obtain all necessary easements made performance impossible, thereby discharging them from their agreements. The fallacy of this argument is that it misperceives the nature of the performance contracted for. By submitting its bid proposal, Burnett did not agree to build a sewer line; rather, it agreed to sign a contract, and to refrain from revocation of its bid. Plaintiff's lack of easements not only did not render Burnett's performance impossible, but in fact it had no bearing whatsoever on Burnett's ability to sign the contract, or to keep its bid open.

■ Finally, defendant Burnett challenges the order dismissing its counterclaim. The objection has been raised at oral argument that this Court lacks jurisdiction over the appeal from this order because the defendants' notice of appeal does not specify this particular interlocutory order. The notice of appeal, however, need not specify each order claimed to be error; "[a]n appeal from a judgment preserves for review any claim of error in the record." V.R.A.P. 3(a); see *Wells* v. *Village of Orleans, Inc.*, 132 Vt. 216, 219–20, 315 A.2d 463, 465–66 (1974). Anything to the contrary in *In re Town of St. Johnsbury Town School District*, 137 Vt. 557, 409 A.2d 573 (1979), is hereby overruled.

■ Therefore, we reach the merits of defendant Burnett's claim that the court erred in dismissing the counterclaim for breach of contract and fraudulent misrepresentation. The alleged breach is based on the previously disposed of claim that plaintiff contracted to have all easements in hand by the date of the contract signing. The alleged fraudulent misrepresentation is based on a claim that § 6.16 of the contract amounts to a representation that all easements have been obtained. In light of our prior discussion of the meaning of this contract, however, we cannot agree that plaintiff either contracted to have all easements, or represented that it

would have all easements, by any specific date. Accordingly, the counterclaim was properly dismissed.

*Judgment affirmed.*