AUTOMOTIVE GLOBAL TECHNOLOGIES, LTD., a Nevada corporation, Plaintiff–Appellant/Cross–Appellee,

v.

ALTO PRODUCTS CORP., Defendant,

v.

Sonnax Industries, Inc., a Vermont corporation, Defendant–Third–Party–Plaintiff/Appellee/Cross–Appellant,

v.

Bruce Palmbaum; Christo Bardis, Third–Party–Defendants/Appellants/Cross–Appellees.

Nos. 03–15877, 03–15885.
D.C.No. CV–99–00065–RAM.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 2, 2004.*

Decided April 29, 2005.

* The panel unanimously finds this case suitable for decision without oral argument pursuant to Fed. R.App. P. 34(a)(2).

Rymer, Circuit Judge, filed an opinion concurring in part and dissenting in part.

Stephanie J. Finelli, Edward Freidberg, Freidberg Law Corporation, Sacramento, CA, for Plaintiff–Appellant/Cross–Appellee.

Lance Maiss, Senn Palumbo Meulemans, LLP, and Mark J. Lenz, Esq., Bible Hoy & Trachok, Christopher R. Hooper, Lionel Sawyer & Collins, Reno, NV, for Defendant.

Leslie Bryan Hart, Lionel Sawyer & Collins, and Mark J. Lenz, Esq., Bible Hoy & Trachok, Reno, NV, for Defendant–Third–Party–Plaintiff/Appellee/Cross–Appellant.

Steve Feldman, New York, NY, Stephanie J. Finelli, Lance Maiss, Edward Freidberg, Freidberg Law Corporation, Sacramento, CA, for Third–Party–Defendants/Appellants/Cross–Appellees.

Appeal from the United States District Court for the District of Nevada, Robert A. McQuaid, Jr., Magistrate, Presiding.

Before CANBY, RYMER, and HAWKINS, Circuit Judges.

RYMER, Circuit Judge, concurring in part and dissenting in part.

### MEMORANDUM**

Automotive Global Technologies, Ltd. ("AGT"), a Nevada corporation, appeals the district court's decision to grant partial summary judgment and dismiss tort-based fraud claims asserted by AGT and its Chief Executive Officer, Bruce Palmbaum, against Sonnax Industries, Inc. ("Sonnax"), a Vermont corporation.

AGT and Palmbaum also appeal, and Sonnax cross-appeals, a second set of decisions issued by the district court following a bench trial on the remaining breach of contract issues.

We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1332(a), and we affirm in part and reverse in part. The facts in this case are familiar to the parties and need not be recited here.

### I.

We affirm the district court's dismissal of the tort-based fraud claims.[1] The parties do not dispute the district court's decision to apply Nevada law to these claims. AGT offered no evidence from which a rational trier of fact could find that Sonnax made representations known at the time of entering the contract to be false or without sufficient basis.

### II.

■ The district court did not err by denying AGT and Palmbaum a hearing on the motion for partial summary judgment. The denial of a request for oral argument constitutes reversible error only when prejudice can be established. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir.1998) ("When a party has [had] an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in a refusal to grant oral argument] since any error can be rectified by an appeal of the summary judgment.") (internal quotation omitted). AGT has not established prejudice. The proceedings below provided ample opportunity for creation of a thorough record, and AGT had the opportunity to appeal the partial summary judgment.

### III.

■ The district court properly refused to award AGT the remaining sales price on the Purchase Agreement in cash rather than through part credits.[2] The Purchase Agreement does not provide for the unused credits to be converted into cash under any circumstances, including termination of the agreement. *See Roy's Orthopedic, Inc. v. Lavigne*, 145 Vt. 324, 487

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

1. We review de novo an order granting or denying summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004).

2. We generally review de novo mixed questions of law and fact. *In re Bammer*, 131 F.3d 788, 792 (9th Cir.1997) (en banc).

A.2d 173, 175 (1985) (stating that courts are required to enforce contracts as they are written and cannot ignore their provisions). AGT can recover the remaining balance only through the use of the credits unless Sonnax refuses to provide payment in the form of goods. Consequently, there has been no breach of the Purchase Agreement; any failure of delivery of discounted parts was simply due to the inability of AGT to purchase them.

The district court did not clearly err when it found that the contract was never terminated. This factual finding and the district court's determination that AGT was not ready, willing, and able to pay, for the parts available to it under the agreement resolve AGT's arguments regarding the Vermont U.C.C. and unjust enrichment. *See* 9A Vt. Stat. Ann. §§ 2–610, 206–7(1) & 2–709; *Mercia v. Billings*, 127 Vt. 77, 238 A.2d 636, 637–38 (1968).

### IV.

The district court erred in awarding Sonnax $90,000 for withheld inventory because Sonnax waived the right to contest the value of the inventory.[3] Section 3.5.1 of the Purchase Agreement unambiguously constitutes the parties' agreement with respect to the sale of inventory, and we are bound to enforce the plain language of the agreement. *See Vt. State Colls. Faculty Fed'n v. Vt. State Colls.*, 141 Vt. 138, 446 A.2d 347, 350 (1982). By waiting fifteen months to raise the issue, Sonnax failed to comply with the Purchase Agreement's requirement that contests concerning the inventory be raised within thirty (30) days. *See also* 9A Vt. Stat. Ann. § 2–607(3)(a) ("[T]he buyer must within a reasonable time after he discovers or should have

discovered any breach notify the seller of breach or be barred from any remedy."). Accordingly, we reverse.

### V.

■ The district court improperly awarded $74,300 to Sonnax for AGT's alleged failure to deliver or convey machinery. Sonnax waived its right to raise the issue of imperfect tender by failing to provide seasonable notification to AGT. *See id.* We reverse because we find it unreasonable that Sonnax failed to raise the issue of missing machinery until fifteen months had passed.

### VI.

The district court did not abuse its discretion by limiting the award of attorneys' fees to Palmbaum for Sonnax's breach of the Consulting Agreement.[4] Paragraph 9.4 of the Consulting Agreement limits the award of attorneys' fees to "default *under this Agreement*" (emphasis added) and makes no mention of fees for breach of the Purchase Agreement. *See Blodgett Supply Co. v. P.F. Jurgs & Co.*, 159 Vt. 222, 617 A.2d 123, 129 (1992) ("The trial court should compute the fee award on the basis of time spent on issues on which plaintiffs prevailed.").

### VII.

■ The district court did not abuse its discretion by denying attorneys' fees and costs to AGT and Christo Bardis after their successful defense of a suit brought pursuant to the Covenant not to Compete. The Covenant does not provide for attorneys' fees for the successful defense of a

3. We review de novo mixed issues of law and fact when legal questions predominate. *See Tolbert v. Page*, 182 F.3d 677, 681 (9th Cir. 1999).

4. We review for abuse of discretion a district court's decision to award attorneys' fees. *See Vess v. Ciba–Geigy Corp.*, 317 F.3d 1097, 1102 (9th Cir.2003).

suit. *See DJ Painting, Inc. v. Baraw Enters., Inc.,* 172 Vt. 239, 776 A.2d 413, 419 (2001) (noting that a party's fees and costs are not recoverable unless statutorily or contractually authorized).

### VIII.

■ The district court did not abuse its discretion by admitting AGT's summary of Sonnax's sales records, which estimated the extent of Sonnax's overcharges on parts.[5] Sonnax had the opportunity to cross-examine the witness to expose any alleged inaccuracies. *See Frank Music Corp. v. Metro–Goldwyn–Mayer, Inc.,* 772 F.2d 505, 515 n. 9 (9th Cir.1985) (holding, *inter alia,* that the district court did not abuse its discretion because inaccuracies in cost estimates could be exposed during cross-examination). Even if we were to conclude that the district court improperly admitted the testimony, Sonnax cannot establish prejudice because the district court made assumptions in its calculations (by assuming that all of Palmbaum's lesser credits were exhausted before the AGT credits were calculated) that minimized the finding of overcharges.

### IX.

The district court properly dismissed Sonnax's claim for lost profit damages.[6] Sonnax failed to offer evidence that AGT's breach caused a loss of sales, as required by Vermont law applicable to the contract claims. *See Vt. Elec. Supply Co. v. Andrus,* 135 Vt. 190, 373 A.2d 531, 532 (1977) ("The difficulty in producing evidence in support of [lost profit] damages does not change the rule that in a contract action one can only recover the natural and proxi-mate damages caused by the injury. Plaintiff is entitled to recover only those profits lost on sales which he might reasonably have made, but for the defendant's breach.") (internal citation omitted). Because Sonnax failed to offer sufficient evidence to meet this standard of proof, we affirm the district court's denial of this claim.

The parties will bear their own costs on appeal.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

RYMER, Circuit Judge.

I agree with the judgment on all but Parts IV and V, on which I would also affirm. I am not firmly convinced that the district court's award of $90,000 was incorrect. Section 3.5.1 of the Purchase Agreement only specifies the timing agreed to by the parties for objecting to the valuation assigned to the inventory. Sonnax does not dispute the $700,000 valuation assigned to the inventory, but does object that $90,000 worth of inventory was withheld from the total inventory it ultimately received. The district court found that AGT withheld $90,000 worth of inventory and that the time that Sonnax took to inspect the inventory was reasonable. This is not clearly erroneous. Likewise, I would affirm the district court's award of $74,300 to Sonnax in light of the court's factual findings that the *ongoing dispute* between the parties made Sonnax's notification of problems associated with the machinery reasonable. *See* 9A Vt. Stat. Ann. § 2–513 cmt. 3; *Desilets Granite Co. v.*

---

5. We review for abuse of discretion evidentiary rulings and do not reverse absent prejudice. *Amarel v. Connell,* 102 F.3d 1494, 1516 (9th Cir.1996).

6. We review for clear error a district court's computation of damages. *Lum v. City of Honolulu,* 963 F.2d 1167, 1170 (9th Cir. 1992).

*Stone Equalizer Corp.*, 133 Vt. 372, 340 A.2d 65, 67 (1975).