* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

Each party shall bear its own costs on appeal.

**AFFIRMED** in part, **VACATED** in part, and **REMANDED**.

**AUTOMOTIVE GLOBAL TECHNOLOGIES, LTD., a Nevada Corporation, Plaintiff—Appellant,**

v.

**SONNAX INDUSTRIES, INC., a Vermont Corporation; Alto Products Corp., Defendants—Appellees.**

**Nos. 06–15511, 06–15512.**

United States Court of Appeals, Ninth Circuit.

Submitted June 19, 2008.*

Filed June 26, 2008.

R.App. P. 34(a)(2).

Edward Freidberg, Port J. Parker, Esq., Freidberg Law Corporation, Sacramento, CA, Plaintiff–Appellant.

Christopher R. Hooper, Leslie Bryan Hart, Esq., Lionel Sawyer & Collins, Mark J. Lenz, Esq., Piscevich & Fenner, Reno, NV, Stephen E. Feldman, Law Office of Richard S. Schurin, New York, NY, for Defendants–Appellees.

Before: CANBY, RYMER, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Automotive Global Technologies, Ltd., ("AGT") filed this action against Sonnax Industries, Inc., ("Sonnax") alleging, *inter alia*, that Sonnax breached the terms of an agreement to purchase AGT's subsidiary.[1] After a bench trial on this claim, the district court awarded some relief to each party, but refused to award AGT the remaining price on its purchase agreement. AGT appealed, and this court affirmed the latter ruling in an unpublished disposition, *Auto. Global Techs., Ltd. v. Sonnax Indus., Inc.*, 134 Fed.Appx. 119 (9th Cir. 2005). On remand, AGT proposed a judgment granting AGT the remainder of the purchase price, arguing that, even though our unpublished disposition affirmed the district court on this issue, it also contemplated that AGT was entitled to equipment-purchase credits as the balance of the purchase price under the agreement. In addition, AGT moved for attorney's fees and costs under a fee-shifting clause in the agreement because it did obtain some relief on the merits of some claims. The district court rejected both of these arguments, and AGT brought this second appeal. We have jurisdiction pursuant to 28 U.S.C. § 1291.

We hold that the district court did not violate our mandate in determining AGT is not now entitled to the equipment-purchase credits. This conclusion is not gainsaid by our prior memorandum dispo-

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Sonnax also filed counterclaims and third-party claims.

sition stating, "AGT can recover the remaining balance only through the use of the credits unless Sonnax refuses to provide payment in the form of goods." *Auto. Global Techs.*, 134 Fed.Appx. at 122. This sentence was intended to describe the purchase agreement and illustrate why that document provided no means to a monetary recovery of the balance of the purchase price, which was the only relief then sought by AGT. In the same paragraph of the memorandum, we stated that there had been no breach of the purchase agreement, noting that "any failure of delivery of discounted parts was simply due to the inability of AGT to purchase them." *Id.* AGT takes the first quoted sentence to imply an existing right of credit-based recovery for Sonnax's supposed "refus[al] to provide payment in the form of goods," but the question of AGT's entitlement *vel non* to the credits was not presented to this court for review. It was not our intention (because the issue was not before us) to negate the prior holding of the district judge that AGT had lost any right to the unused credits themselves because its financial condition had prevented it from taking delivery of the parts as contemplated by the agreement. We therefore affirm the district court's denial of an award to AGT, in cash or credits, for the balance of its purchase price.

■ We also affirm the district court's denial of attorney's fees. AGT's limited success in the contract portion of its action could, at most, support an award of partial fees. *See Hensley v. Eckerhart*, 461 U.S. 424, 435–36, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983); *Blodgett Supply Co., Inc. v. P.F. Jurgs & Co.*, 159 Vt. 222, 617 A.2d 123, 129 (1992) (applying Vermont law, which governs the contract claims in this case). The district court acted within its discretion to deny fees because AGT failed to segregate the fees attributable to its successful claims. *See S.F. Culinary, Bartenders & Serv. Employees Welfare Fund v. Lucin*, 76 F.3d 295, 298–99 (9th Cir.1996).

The judgment of the district court is therefore

**AFFIRMED.**