William PARTRIDGE; James Zagorski; William Stojack, Plaintiffs–Appellants,

v.

Robert B. REICH; Helen Haase; U.S. Department of Labor, Defendants–Appellees.

No. 97–15475.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 1998.

Decided April 6, 1998.

Janet C. Pancoast, Pancoast & Pancoast, Las Vegas, NV, for Plaintiffs–Appellants.

Kathryn E. Landreth, United States Attorney, Blaine T. Welsh, Assistant United States Attorney, Las Vegas, NV, for Defendants–Appellees.

Before: HUG, Chief Judge, and FERNANDEZ and THOMAS, Circuit Judges.

FERNANDEZ, Circuit Judge:

William Partridge, William Stojack, and James Zagorski (collectively Partridge), all of whom are employees of the Clark County Fire Department, brought this action under the Administrative Procedure Act, 5 U.S.C. § 702, for judicial enforcement of the Vietnam Era Veterans' Readjustment Assistance Act of 1972 ("VEVRA" or the Act), 38 U.S.C. § 4212. Partridge alleged that the Secretary of Labor's Office of Federal Contract Compliance Programs ("OFCCP") acted arbitrarily and capriciously when it declined jurisdiction over his claims against the Clark County Fire Department. The OFCCP declined jurisdiction because it determined that the Fire Department was not a federal contractor under VEVRA. The district court granted summary judgment against Partridge; he appeals. We affirm.

## BACKGROUND

In February 1995, Partridge filed a complaint against the Clark County Fire Department with the OFCCP. The complaint charged that Clark County's Fire Department violated VEVRA because it failed to implement an affirmative action policy for Vietnam veterans.

In a letter dated February 28, 1995, the OFCCP informed Partridge that as a preliminary matter the agency would determine if it had jurisdiction over the Fire Department. After investigating the Fire Department's contacts with the federal government, the OFCCP informed Partridge that it lacked jurisdiction because the Fire Department was not a federal contractor within the meaning of VEVRA.

In August 1995, Partridge submitted to the OFCCP further evidence of contacts between the federal government and the Fire Department. After reviewing that information, the OFCCP determined that all of the agreements cited, except one, were grants. The one agreement that was a procurement contract did not establish jurisdiction over the Fire Department because the Fire Department was not a party to the agreement. In a letter dated September 14, 1995, the OFCCP reaffirmed its earlier position that the Fire Department was not subject to VEVRA and closed Partridge's case.

Thereafter, Partridge filed a complaint in the United States District Court for the District of Nevada. Pursuant to a stipulation, the parties filed cross-motions for summary judgment with the sole issue before the court being whether the Fire Department was a covered federal contractor at the time the alleged discriminatory acts occurred. The district court granted the Department of Labor's motion for summary judgment, and Partridge appealed.

## JURISDICTION AND STANDARDS OF REVIEW

The district court had jurisdiction pursuant to 28 U.S.C. § 1331, and 5 U.S.C. § 702. We have jurisdiction pursuant to 28 U.S.C. § 1291.

A district court's grant of summary judgment is reviewed de novo. *See Trustees of California State Univ. v. Riley,* 74 F.3d 960, 963 (9th Cir.1996). We have held an administrative "agency decision may be set aside only if it is 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.'" *Id.* (quoting the Administrative Procedures Act, 5 U.S.C. § 706(2)(A)). A more complete statement would be that we will overturn a decision if it was "'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law' or if the action failed to meet statutory, procedural, or constitutional requirements." *Citizens to Preserve Overton Park, Inc. v. Volpe,* 401 U.S. 402, 413–14, 91 S.Ct. 814, 822, 28 L.Ed.2d 136 (1971); *see also Camp v. Pitts,* 411 U.S. 138, 142, 93 S.Ct. 1241, 1244, 36 L.Ed.2d 106 (1973); 5 U.S.C. § 706(2)(A)-(D). An agency's interpretation of a statute, however, is a question of law which is reviewed de novo. *See Conlan v. United States Dep't of Labor,* 76 F.3d 271, 274 (9th Cir.), *cert. denied,* —— U.S. ——, 117 S.Ct. 431, 136 L.Ed.2d 330 (1996). Of course, if Congress has spoken to the precise issue, the courts enforce that direction, but if the statute is "silent or ambiguous" the courts defer to the agency's construction of the statute if it is a permissible one. *Id.; see also Montana Power Co. v. Environmental Protection Agency,* 608 F.2d 334, 345 (9th Cir.1979) ("[W]e do not believe the standard [of review of agency action] allows the courts any broader grant of review when an agency determination 'concern[s] the meaning of a statutory term', as long as the agency does not exceed its own statutory authorization."). An agency's interpretation of its own regulation is controlling if not "plainly erroneous or inconsistent with the regulation." *Udall v. Tallman,* 380 U.S. 1, 16–17, 85 S.Ct. 792, 801, 13 L.Ed.2d 616 (1965) (citation omitted); *see also Norfolk Energy, Inc. v. Hodel,* 898 F.2d 1435, 1439 (9th Cir.1990) ("[A]n agency's interpretation of its regulations is controlling if not 'plainly erroneous or inconsistent with the regulation[s].'") (citation omitted). Finally, a "district court's decision to exclude extra-record evidence [is reviewed] for an abuse of discretion." *Southwest Center for Biological Diversity v. U.S. Forest Serv.,* 100 F.3d 1443, 1447 (9th Cir.1996).

## DISCUSSION

### A. DOL Jurisdiction

Under VEVRA, certain federal contractors are required to implement affirmative action policies regarding Vietnam era veterans. The Act, 38 U.S.C. § 4212, provides that:

Any contract in the amount of $10,000 or more entered into by any department or agency for the procurement of personal property and non-personal services (including construction) for the United States, shall contain a provision requiring that the party contracting with the United States shall take affirmative action to employ and advance in employment qualified special disabled veterans and veterans of the Vietnam era.

Although Congress did not specifically define "contract for procurement" in § 4212, the Department of Labor in its administration of the Act has promulgated regulations defining the term. *See* 41 C.F.R. §§ 60–250.2–.3; 41 C.F.R. § 60–1.5(a)(4). Pursuant to 41 C.F.R. § 60–250.2, "'[g]overnment contract' means any agreement ... between any contracting agency and any person for the furnishing of supplies or services or for the use of real or personal property...."

Partridge first argues that the OFCCP acted arbitrarily and capriciously when it took the position that grant agreements are not contracts as defined in 41 C.F.R. § 60–250.2. Because Partridge is attacking the DOL's interpretation of its own regulations, that interpretation will control unless "'plainly erroneous or inconsistent with the regulations.'" *Norfolk Energy,* 898 F.2d at 1439.

Initially, it must be emphasized that the express terms of VEVRA apply only to contracts for procurement. Under 38 U.S.C. § 4212, procurement contracts "in the amount of $10,000 or more" come within the terms of the Act. Nothing in 41 C.F.R. § 60–250.2 demands an expansion of the traditional definition of procurement contracts to include government grants. As already noted, its language refers to agree-

924

ments to furnish supplies, services, or for the use of property. *See* 41 C.F.R. § 60–250.2. Thus, contrary to Partridge's argument, the regulation does not apply to all agreements between the federal government and third parties. Rather, like VEVRA itself, the regulation speaks in procurement contract terms.

Further support is lent to that reading by the Federal Grant and Cooperative Agreement Act, 31 U.S.C. §§ 6301–6305 ("Grant Act"), which distinguishes between a contract, a grant, and a cooperative agreement. We think it wise to consider the Grant Act because it was designed to "prescribe criteria for executive agencies in selecting appropriate legal instruments to achieve ... uniformity in their use by executive agencies," among other things. 31 U.S.C. § 6301(2)(A).[1] That suggests that later interpretations of those instruments for other legal purposes should also rely upon the Grant Act's definitions. *See Forsham v. Harris,* 445 U.S. 169, 180, 100 S.Ct. 977, 984, 63 L.Ed.2d 293 (1980) (discussing the Grant Act in deciding the proper treatment of federal grantees under the Freedom of Information Act); *University of Rochester v. Hartman,* 618 F.2d 170, 175 (2nd Cir.1980) (discussing the Grant Act in determining whether a research grant constitutes a contract under the Defense Base Act).

The Grant Act instructs executive agencies to use procurement contracts whenever "the principal purpose of the instrument is to acquire (by purchase, lease, or barter) property or services for the direct benefit or use of the United States Government." 31 U.S.C. § 6303. Conversely, the Act requires executive agencies to use grants or cooperative agreements when "the principal purpose of the relationship is to transfer a thing of value ... to carry out a public purpose ... instead of acquiring ... property or services for the direct benefit or use of the United States Government." 31 U.S.C. §§ 6304–6305. Thus, even if grants and cooperative agreements are contracts in the generic sense, they are not procurement contracts,

and the OFCCP's interpretation of the phrase "government contract" in 41 C.F.R. § 60–250.2 to exclude grants for purposes of VEVRA is not "plainly erroneous or inconsistent." *Norfolk Energy,* 898 F.2d at 1439; *see also Hammond v. Donovan,* 538 F.Supp. 1106, 1109–10 (W.D.Mo.1982) (grants are not contracts subject to VEVRA). In fact, it follows the language of VEVRA itself. Thus, the OFCCP's determination of lack of jurisdiction cannot be set aside on the ground that it did not consider grant agreements to be contracts for purposes of VEVRA. In that regard it was clearly correct.

■ Partridge next argues that the OFCCP acted arbitrarily and capriciously by limiting its jurisdictional investigation to a search for contracts between the federal government and the Fire Department. According to Partridge, it is sufficient for the purposes of VEVRA to find agreements between the federal government and Clark County itself.

In making this argument, Partridge ignores the clear language of 41 C.F.R. § 60–1.5(a)(4)(emphasis added) which states that:

[t]he requirements of the equal opportunity clause in any contract or subcontract with a State or *local government* (or any agency, instrumentality or subdivision thereof) shall not be applicable to any agency, instrumentality or subdivision of such government which does not participate in work on or under the contract or subcontract.

*See also* 41 C.F.R. § 60–250.3(a)(4) (same). Without challenging the validity of this regulation, Partridge cites to the Fourth Circuit's decision in *Board of Governors of the Univ. of North Carolina v. United States Dep't of Labor,* 917 F.2d 812 (4th Cir.1990), to support his argument that Clark County and its Fire Department should be considered one entity for purpose of establishing DOL jurisdiction. Again, Partridge is challenging the validity of the DOL's interpretation of its own regulation.

---

1. While the Grant Act was passed subsequent to the passage of VEVRA, the purpose of the Act was to achieve "uniformity" in the federal government's use of terms. Thus, the policy behind the Grant Act would militate in favor of its application to VEVRA.

In *Board of Governors,* 917 F.2d at 818, the Fourth Circuit affirmed the Secretary of Labor's decision that the various campuses of the University of North Carolina were one agency subject to federal contract compliance laws. In reaching its determination that all UNC campuses were subject to compliance laws regardless of their individual lack of contracts with the federal government, the Fourth Circuit emphasized the limitations that 41 C.F.R. § 60–1.5(a)(4) placed on its holding. Rejecting the University's claim that its decision could be read broadly, the Fourth Circuit noted that the very regulation in question here would prevent that. *See Board of Governors,* 917 F.2d at 818. The Court's decision was not based on a liberal interpretation of 41 C.F.R. § 60–1.5(a)(4), but rather on a state statute that identified UNC as one state agency. *See id.* at 816–17. As such, *Board of Governors* does not control the answer to Partridge's claim that Clark County's contracts with the federal government establish DOL jurisdiction over the Clark County Fire Department. To the extent that *Board of Governors* could be given a broader reading, we decline to so expand it.

Thus, the OFCCP's determination implementing the DOL regulation was not arbitrary or capricious on this basis either. On the contrary, the regulation expressly declares that a local government subdivision or agency which does not participate in work under a procurement contract will not be subject to VEVRA's requirements. *See* 41 C.F.R. § 60–1.5(a)(4). The OFCCP cannot have been arbitrary or capricious when it read the regulation just that way. No matter how careful we vet the regulation, we can read it no other way. In fine, a procurement contract with the police department, for example, would not cause VEVRA to apply to the fire department.

■ In a final attempt to establish arbitrary and capricious action, Partridge claims that the Fire Department *has* contracted with the federal government under the limited interpretations of jurisdiction applied by the DOL. Partridge points to two agreements which he claims support jurisdiction. The first is an agreement between the Federal Emergency Management Agency ("FEMA"), the State of Nevada, and Clark County. Although the Fire Department is not a party to the agreement, it is specifically mentioned in the agreement as a organization intended to provide rescue services.

The OFCCP determined that the FEMA agreement is a grant, rather than a procurement contract. The purpose and structure of the agreement indicates that the OFCCP's interpretation is correct. Under the directives of the Grant Act, the FEMA agreement clearly is a grant.[2] First, the goal of the Agreement is to carry out a public purpose authorized by federal statute, and not to acquire property or services for the direct benefit of the United States Government. The Agreement also anticipates that except in cases of major disasters, the task force "teams will function under the day to day control and supervision of the Sponsor," in this case Clark County. Finally, although the Agreement provides that in case of a major disaster or national security emergency task force members will be released to the United States Public Health Service and become federal employees, the VEVRA regulations specifically state that the "term 'government contract' does not include ... agreements in which the parties stand in the relationship of employer and employee." 41 C.F.R. § 60–250.2. The separate employment relationship between the government and the employees in the event of a catastrophe does not change the FEMA agreement itself into a procurement contract. Thus, the OFCCP was correct when it determined that the FEMA agreement did not constitute a procurement contract within the meaning of VEVRA.[3] Certainly, its determination to that effect was not arbitrary or capricious.

---

**2.** The conclusion that the FEMA agreement represents a grant is also supported by the district court opinion in *Hammond,* 538 F.Supp. at 1107–08. In that case, a district court concluded that establishment of a system of public employment offices in the state of Missouri under the Wagner–Peyser Act did not constitute a 'contract' with the federal government for purposes of VEVRA. *See id.* at 1109. In reaching that conclusion, the district court relied on a similar analysis under the Grant Act. *See id.* at 1108–09.

**3.** In reaching the conclusion that the FEMA agreement was not a contract, the OFCCP also contacted FEMA. FEMA expressly stated that the agreement with Clark County is a grant.

The second agreement Partridge relies on to support DOL jurisdiction simply does not involve the Fire Department at all. Thus, under DOL regulations it cannot give rise to DOL jurisdiction. *See* 41 C.F.R. § 60–1.5(a)(4); 41 C.F.R. § 60–250.3(a)(4). Partridge argues that there is evidence that the FAA provided $1.3 million to the Clark County Fire Department. This argument is based on minutes of a meeting concerning the Clark County Airport. Those minutes simply state that "the FAA has funded $1.3 million to buy a new fire truck for the airport." Nothing in the minutes suggests that the truck was purchased for the Fire Department. Further, the OFCCP contacted the FAA which stated that it did not have any contracts with the Fire Department, and that any money it supplied to the Clark County airport was likely to have been in the form of a grant. In short, Partridge offers no evidence supporting his theory that the FAA has contracts with the Fire Department, and, thus, the DOL's conclusion of no jurisdiction on this ground was not arbitrary and capricious.

### B. Denial of Request for Oral Argument

In an attempt to obtain a reversal, Partridge also argues that the district court's grant of summary judgment must be overturned because it denied his request for oral argument. In *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir.1964), we held that "in view of the language of Rule 56(c) ... a district court may not ... preclude a party from requesting oral argument, nor deny such a request when made by a party opposing the motion unless the motion for summary judgment is denied." *See also Jasinski v. Showboat Operating Co.*, 644 F.2d 1277, 1279–80 (9th Cir.1981). Pursuant to the rule in *Dredge*, it appears that, technically, the district court erred by not granting Partridge's request for oral argument.

However, we have also held that "[a] district court's failure to grant an oral hearing on a motion for summary judgment does not constitute reversible error in the absence of prejudice." *Fernhoff v. Tahoe Reg'l Planning Agency*, 803 F.2d 979, 983 (9th Cir.1986); *see also Houston v. Bryan*, 725 F.2d 516, 518 (9th Cir.1984). "When a party has [had] an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice [in a refusal to grant oral argument] since any error can be rectified by an appeal of the summary judgment." *Lake at Las Vegas Investors Group, Inc. v. Pacific Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir.1991). In other words, a district court can decide the issue without oral argument if the parties can submit their papers to the court. That opportunity was given to the parties in this case.

Although the district court reviewed only the administrative record, there is no evidence that Partridge was limited in the materials he could present to the OFCCP. Further, nothing in the district court record suggests that Partridge was prejudiced by the lack of oral argument and his suggestion that he would have called witnesses to testify mistakes the meaning of oral argument. The district court's failure to hold oral argument was not reversible error.[4]

### CONCLUSION

Partridge asserts that Vietnam veterans have not been treated fairly by the Clark County Fire Department. Not only have

---

4. Partridge also claims that the district court erred in granting summary judgment without looking beyond the administrative record and without granting discovery. This claim is without merit. "Generally, judicial review of agency action is limited to review of the record on which the administrative decision was based." *Love v. Thomas*, 858 F.2d 1347, 1356 (9th Cir.1988); *see also Asarco, Inc. v. U.S. Envtl. Protection Agency*, 616 F.2d 1153, 1159 (9th Cir.1980). Although we have recognized certain limited exceptions to this rule, none are present in this case. *See Love*, 858 F.2d at 1356, *Public Power Council v. Johnson*, 674 F.2d 791, 793–94 (9th Cir.1982). Partridge also attempts to submit to us extra-record evidence not considered by the district court. As we have repeatedly held, "[p]apers not filed with the district court or admitted into evidence by that court are not part of the clerk's record and cannot be part of the record on appeal." *Kirshner v. Uniden Corp. of America*, 842 F.2d 1074, 1077 (9th Cir.1988); *see also United States v. Elias*, 921 F.2d 870, 874 (9th Cir.1990).

they been denied special consideration, he says, but also they have actually been discriminated against. If so, that is deplorable. However, relief cannot be given in this proceeding because the OFCCP did not act arbitrarily and capriciously when it determined that the Fire Department was not a party to a federal procurement contract and, therefore, was not covered by the provisions of VEVRA. His quest for relief has proceeded in the wrong direction.

AFFIRMED.