**Askia S. ASHANTI, Plaintiff–Appellant,**

v.

**WHITFIELD, Correctional Officer; et al., Defendants–Appellees.**

No. 00–15540.

D.C. No. CV–00–86–DFL.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 21, 2001.

* The panel unanimously finds this case suitable for decision without oral argument and grants Ashanti's motion to waive oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Askia S. Ashanti, a California state prisoner, appeals pro se the judgment of the district court dismissing his civil rights complaint pursuant to the Prison Litigation Reform Act screening provisions, 28 U.S.C. § 1915A.[1] Because Ashanti declined the opportunity to amend his complaint in the manner specified by the magistrate judge's January 31, 2000 order, but chose to stand on his original complaint and obtain a judgment of dismissal, we have jurisdiction pursuant to 28 U.S.C. § 1291. *Cf. WMX Techs., Inc. v. Miller,*

104 F.3d 1133, 1136 (9th Cir.1997) (en banc) (prescribing this procedure). We review de novo, *Resnick v. Hayes,* 213 F.3d 443, 447 (9th Cir.2000), and we affirm.

Because prison officials were not required to tell Ashanti why he was subjected to random urinalysis, the complaint did not state a cognizable Fourth Amendment violation, and the district court properly dismissed this claim. *See Thompson v. Souza,* 111 F.3d 694, 702 (9th Cir.1997) (holding that even non-random drug testing in prison can be reasonable under *Skinner v. Railway Labor Executives' Ass'n,* 489 U.S. 602, 617–18, 109 S.Ct. 1402, 103 L.Ed.2d 639 (1989), when based on legitimate criteria and not intended to harass). Although Ashanti did allege that the drug testing was not truly random, he did not allege that the testing procedure was used to harass him and, thus, his Fourteenth Amendment equal protection claim also fails. *See id.*

Because a urine sample is not testimonial, and because Ashanti was not accused of any offense, Ashanti failed to state a claim under the Fifth and Sixth Amendments. *See United States v. Edmo,* 140 F.3d 1289, 1292–93 (9th Cir.1998).

Ashanti lacked standing to pursue his Fourteenth Amendment due process claim that the prison's urinalysis policy conflicted with state laws or regulations because he was not charged with any violation. *See Darring v. Kincheloe,* 783 F.2d 874, 876–77 (9th Cir.1986).

We have not considered those documents attached to Ashanti's appellate brief that were not part of the record before the

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. Defendants made no appearance before the district court or on appeal.

district court. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir.1998).

AFFIRMED.