**Mark F. BROER, Plaintiff—Appellant,**

**v.**

**Katherine BAIL; Chase Riveland, Defendants—Appellees,**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, we deny Chun's request for oral argument.

Kay ADKINS; et al., Defendants.

No. 01–35705.

D.C. No. CV–97–01574–BJR.

United States Court of Appeals,
Ninth Circuit.

Submitted April 8, 2002.*

Decided April 17, 2002.

Before BROWNING, KLEINFELD,
and GOULD, Circuit Judges.

MEMORANDUM**

Mark F. Broer, who is civilly committed at the Special Commitment Center, appeals pro se the district court's summary judgment in his 42 U.S.C. § 1983 action alleging that he was unconstitutionally deprived of mental health care treatment while he was in the custody of the Washington State Department of Corrections ("DOC"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and, after de novo review, *Lopez v. Smith,* 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), we affirm.

The district court properly granted summary judgment because Broer failed to show that either Katherine Bail, the former chairperson of the Indeterminate Sentence Review Board, or Chase Riveland, the former DOC Secretary, personally participated in the alleged deprivation of his constitutional right to adequate mental health care treatment. *See Jeffers v. Gomez,* 267 F.3d 895, 915–16 (9th Cir.2001).

The district court did not abuse its discretion in denying Broer's motion to amend because amendment would be futile. *See Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (en banc). The district court did not abuse its discretion in denying Broer's motion for the appointment of counsel pursuant to 28 U.S.C. § 1915(e)(1) because he failed to demonstrate "exceptional circumstances." *See Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir.1986). The district court did not abuse its discretion in denying Broer's motion to compel discovery and for sanctions because the defendants complied with his discovery requests to the extent possible. *See Draper v. Coombs,* 792 F.2d 915, 924 (9th Cir.1986)

The district court was not required to hold a hearing on the defendants' motion for summary judgment. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir.1998).

Broer's remaining contentions are without merit.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.