Paul ENRIGHT, Plaintiff–Appellant,

v.

LOCAL LODGE 389 INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, Local Lodge 389; et al., Defendants–Appellees.

No. 01–56915.

D.C. No. CV–00–01888–NAJ(LSP).

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 9, 2002.*

Decided Sept. 17, 2002.

Before HUG, O'SCANNLAIN and TASHIMA, Circuit Judges.

MEMORANDUM **

Paul Enright appeals pro se the district court's order dismissing his claims against the International Association of Machinists & Aerospace Workers ("IAMAW"), and granting summary judgment on claims against his local union, Local Lodge 389, in his action alleging breach of the duty of fair representation, violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112, 12203, and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni,* 31 F.3d 813, 815, 816 (9th Cir. 1994) (per curiam), and we affirm.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Because Enright failed to allege the IAMAW participated in any acts that are the subject of this litigation, or that the Local Lodge acted as an agent of the IAMAW, the district court properly dismissed Enright's claims against the IAMAW. *See Laughon v. Int'l Alliance of Theatrical Stage Employees, Moving Picture Technicians, Artists & Allied Crafts of the United States and Canada,* 248 F.3d 931, 935 (9th Cir.2001).

The district court properly granted summary judgment on Enright's claim that Local Lodge 389 breached its duty of fair representation because Enright failed to raise a genuine issue a material fact as to whether the Local's conduct was arbitrary, discriminatory, or in bad faith. *See Truesdell v. S. California Permanente Med. Group,* 293 F.3d 1146, 1153 (9th Cir.2002), *Patterson v. Int'l Bhd. of Teamsters, Local 959,* 121 F.3d 1345, 1349 (9th Cir.1997) (holding that a union's judgment as to how best to handle a grievance does not rise to the level of arbitrary behavior).

Summary judgment was proper on Enright's ADA claims, because Enright failed to provide evidence that the acts, delays or omissions of Local Lodge 389 subjected him to an adverse employment action on account of his disability. *See Hutton v. Elf Atochem N. Am., Inc.,* 273 F.3d 884, 891 (9th Cir.2001).

Further, Enright did not provide evidence that Local Lodge 389 subjected him to a retaliatory threat. *See McAlindin v. County of San Diego,* 192 F.3d 1226, 1238 (9th Cir.1999).

Enright's contention that the district court erred by denying oral argument before granting summary judgment is without merit because Enright failed to show

he was prejudiced. *See Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir.1998).

Contrary to Enright's contention, the district court did not err by considering the arbitrator's decision. *See Collings v. Longview Fibre Co.,* 63 F.3d 828, 833 n. 5 (9th Cir.1995).

**AFFIRMED.**

\*\* This disposition is not appropriate for publi-