**Michael JAASI, Plaintiff—Appellant,**

v.

**Leland DISHMAN; et al., Defendants—Appellees.**

No. 01-35637.

D.C. No. CV-99-00510-A-HRH.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 2, 2002.[*]

Decided Dec. 9, 2002.

Before GOODWIN, TROTT, and GRABER, Circuit Judges.

MEMORANDUM [**]

Michael Jaasi appeals pro se the district court's summary judgment in his diversity action alleging violations of the Alaska Human Rights Act, Alaska Stat. §§ 18.80.220 & 18.80.260. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Margolis v. Ryan,* 140 F.3d 850, 852 (9th Cir.1998), and we affirm.

The district court properly concluded that Jaasi failed to set forth a prima facie case with respect to his employment discrimination claims against the school defendants because he could not show that he applied for an open position for which the district was accepting applications. *See Alaska State Comm'n for Human Rights v. Yellow Cab,* 611 P.2d 487, 490 (Alaska 1980) (adopting federal Title VII standard for elements of prima facie case under section 18.80.220); *see also Harold-*

sen v. Omni Enterprises, Inc., 901 P.2d 426, 431 (Alaska 1995) (stating that to establish prima facie case in hiring discrimination context plaintiff must demonstrate that his rejection did not result from the absence of a vacancy in the job sought). The district court also properly concluded that Jaasi's second amended complaint did not include a section 18.80.260 claim against the school defendants.

With respect to the police defendants, the district court properly concluded that Jaasi failed to state an actionable claim for employment discrimination because he never sought employment with the police department. *See* Alaska Stat. § 18.80.220(a)(1); *Yellow Cab,* 611 P.2d at 490. Similarly, Jaasi failed to present evidence sufficient to create a genuine issue of material fact that either police defendant interfered with Jaasi's attempt to obtain employment with the school district. *See* Alaska Stat. § 18.80.260 (prohibiting persons from aiding, abetting, compelling or coercing discriminatory conduct).

Finally, the evidence Jaasi submitted in support of his hostile work environment claim regarding his employment at the city gym did not show that the challenged conduct was sufficiently severe or pervasive to alter the terms or conditions of his employment. *See French v. Jadon, Inc.,* 911 P.2d 20, 28 (Alaska 1996).

We have not considered any documents not part of the district court record, nor any arguments raised for the first time on appeal. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999); *Partridge v. Reich,* 141 F.3d 920, 926 n. 4 (9th Cir. 1998). Appellees' motions to strike and

---

[*] This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

[**] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.

Jaasi's motions in opposition to appellees' motions to strike are denied as moot.

**AFFIRMED.**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.