**Robert L. CHESLIN, Plaintiff—Appellant,**

v.

**INTERNAL REVENUE SERVICE, Defendant—Appellee.**

No. 03–16329.

D.C. No. CV–01–01233–KJD/RJJ.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 12, 2004.*

Decided Jan. 29, 2004.

Robert L. Cheslin, pro se, Las Vegas, NV, for Plaintiff–Appellant.

Keith S. Blair, U.S. Department of Justice, Tax Division, Washington, DC, Gretchen M. Wolfinger, Esq., David English Carmack, Esq., DOJ–U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, Daniel G. Bogden, USLV–Office of the U.S. Attorney, Las Vegas, NV, for Defendant–Appellee.

Before BEEZER, HALL and SILVERMAN, Circuit Judges.

MEMORANDUM**

Taxpayer Robert Cheslin appeals pro se the district court's Fed.R.Civ.P. 12(b)(6) dismissal of his action alleging that the Internal Revenue Service ("IRS") improperly determined that collection actions against him should continue unrestricted. The collection activity concerned frivolous tax return penalties the IRS assessed against Cheslin for the 1998 tax year.

Cheslin contends that he did not receive a precollection hearing; that the appeals officer at the collection due process hearing refused to let him provide evidence and was biased; and that the district court erred in granting the IRS's motion to dismiss without first holding a hearing. We agree with the district court's conclusion that the IRS "properly followed the requirements of all applicable laws and administrative procedures when assessing the frivolous return penalty and then determining the collection action should continue unrestricted." Moreover, Cheslin was not entitled to a hearing before the district court on the IRS's motion to dismiss where he was provided the opportunity to respond to the motion, and in fact did respond to the motion. *Partridge v. Reich,* 141 F.3d 920, 926 (9th Cir.1998).

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The IRS moves for $6,000 in sanctions pursuant to Fed. R.App. P. 38 and 28 U.S.C. § 1912. Because "the result is obvious and the arguments of error are wholly without merit," *Gattuso v. Pecorella,* 733 F.2d 709, 710 (9th Cir.1984) (per curiam), this appeal is frivolous, and we impose a sanction of $6,000 in favor of the IRS.

**AFFIRMED with sanctions.**