**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ROBBIE RASOOLY,

              Plaintiff-Appellant,

    v.

GREGORY T. LONG, Executive Director
of the Federal Retirement Thrift
Investment Board; FEDERAL
RETIREMENT THRIFT INVESTMENT
BOARD,

              Defendants-Appellees.

No.   18-15101

D.C. No. 3:15-cv-04540-JD

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Donato, District Judge, Presiding

Argued and Submitted July 19, 2019
San Francisco, California

Before:  MURPHY,[**] PAEZ, and RAWLINSON, Circuit Judges.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      [**]     The Honorable Michael R. Murphy, United States Circuit Judge for the U.S. Court of Appeals for the Tenth Circuit, sitting by designation.

Appellant-Plaintiff Robbie Rasooly (Rasooly), a federal employee with a Thrift Savings Plan (Savings Plan) retirement account, appeals the district court's order granting summary judgment in favor of Appellee-Defendant Federal Retirement Thrift Investment Board (Board). Rasooly alleged that the Board breached its fiduciary duty when it distributed funds from his Savings Plan account to satisfy a child support order. "We review the district court's grant of summary judgment *de novo*, asking whether the moving party has met its burden to prove the absence of genuine issues of material fact." *ABS Entm't, Inc. v. CBS Corp.*, 908 F.3d 405, 413 (9th Cir. 2018), *as amended* (citation omitted).

**1.** The district court correctly determined that the Board did not breach its fiduciary duty when it disbursed funds from Rasooly's Savings Plan account pursuant to an order from the California Department of Child Support Services (DCSS). The Board was required to garnish funds in Rasooly's Savings Plan account that were subject to "legal process for the enforcement of [his] legal obligations to provide child support." 5 U.S.C. § 8437(e)(3). "Legal process" includes any "writ, order, summons, or other similar process in the nature of garnishment . . . issued by . . . a court or an administrative agency of competent jurisdiction in any State." 42 U.S.C. § 659(i)(5)(A)(i).

As the district court concluded, the DCSS, including its disbursement unit, is an administrative agency of competent jurisdiction in the State of California. *See id.* Given that the distribution was made "pursuant to legal process regular on its face," the Board incurred no liability for complying with the DCSS order. 42 U.S.C. § 659(f).

**2.** Because the record reflects that Rasooly had "an adequate opportunity to provide the trial court with evidence and a memorandum of law," Rasooly did not suffer prejudice as a result of the district court deciding the summary judgment motion without oral argument. *See Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998) ("When a party has had an adequate opportunity to provide the trial court with evidence and a memorandum of law, there is no prejudice in a refusal to grant oral argument since any error can be rectified by an appeal of the summary judgment.") (citation and alterations omitted)[1].

   **AFFIRMED.**

---

[1]  None of Rasooly's other arguments have merit.