NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SAMI ALBRA,

Plaintiff-Appellant,

v.

SELENE FINANCE; et al.,

Defendants-Appellees.

No.    18-17433

D.C. No. 2:18-cv-00018-APG-PAL

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Andrew P. Gordon, District Judge, Presiding

Submitted March 3, 2020[**]

Before:    MURGUIA, CHRISTEN, and BADE, Circuit Judges.

Sami Albra appeals pro se from the district court's summary judgment in his action alleging federal and state law claims arising from foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1083 (9th Cir. 2011). We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Albra's claims under the Real Estate Settlement Procedures Act and Regulation X because Albra was required to show that he was a "confirmed successor in interest" and he failed to do so. *See* 12 C.F.R. § 1024.31 (defining "successor in interest" and "confirmed successor in interest"); 12 C.F.R. § 1024.30(d) (explaining that "[a] confirmed successor in interest shall be considered a borrower for purposes of § 1024.17" and § 1024.30 *et seq*. of Regulation X).

The district court properly granted summary judgment on Albra's claim under the Equal Credit Opportunity Act ("ECOA") and Regulation B because Albra failed to raise a genuine dispute of material fact as to whether Selene Finance, LP denied his loan modification application in violation of ECOA. *See* 15 U.S.C. § 1691(a)(2) (providing that it is unlawful "for any creditor to discriminate against any applicant, with respect to any aspect of a credit transaction . . . because all or part of the applicant's income derives from any public assistance program").

The district court properly granted summary judgment on Albra's claim for wrongful foreclosure under Nevada Revised Statutes §§ 107.080 *et seq*. because Albra failed to raise a genuine dispute of material fact as to whether he, as a nonborrower, has standing to enforce the provisions of this statute. *See* Nev. Rev. Stat. §§ 107.080(6) and 107.560 (providing that a borrower or the person who

holds title to the property can sue to stop an impeding foreclosure sale or void a sale that has taken place when the foreclosure sale notice requirements are not met).

The district court properly granted summary judgment on Albra's claim under the "Fair Lending Act" because Albra failed to provide a citation or otherwise identify the Act.

The district court properly denied Albra's motion for a default judgment against the U.S. Securities and Exchange Commission ("SEC") because Albra failed to show that the SEC was properly served. *See* Fed. R. Civ. P. 4(i)(2) and 4(m) (setting forth requirements for serving a United States agency).

The district court did not abuse its discretion by denying Albra's motion for sanctions because Albra failed to show that he was entitled to relief. *See* Fed. R. Civ. P. 26(f) (setting forth the process for and the contents of the Rule 26(f) conference); *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (setting forth standard of review of the district court's imposition of sanctions based on discovery violations).

We decline to revisit our decision issued in Case No. 18-16299 concluding that the district court did not abuse its discretion in denying Albra in forma pauperis status where Albra failed to make a sufficient showing of indigency.

We reject as meritless Albra's contentions that defendants' reply in support

of their motion for summary judgment constituted a second motion for summary judgment and that the district judge was biased against him.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009). We do not consider documents not presented to the district court. *See Partridge v. Reich*, 141 F.3d 920, 926 n.4 (9th Cir. 1998).

Defendants' request for judicial notice is granted.

**AFFIRMED.**

18-17433