NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

IN RE: KAKE TRIBAL CORPORATION, DEBTOR

No. 24-5717

CLIFFORD W. TAGABAN; FRED W. TRIEM,

D.C. No.
1:24-cv-00012-SLG

        Plaintiffs - Appellants,

MEMORANDUM*

  v.

KAKE TRIBAL CORPORATION; PAUL FAY, Hanson Class State Court Class Representative,

        Defendants - Appellees.

Appeal from the United States District Court
for the District of Alaska
Sharon L. Gleason, Chief District Judge, Presiding

Submitted October 24, 2025**
Portland, Oregon

Before: W. FLETCHER, CHRISTEN, and HURWITZ, Circuit Judges.

---

    *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

This is an appeal from a district court order affirming the bankruptcy court's denial of a motion to reopen a Chapter 11 proceeding. The Chapter 11 proceeding followed a class action in Alaska state court by shareholders of the Kake Tribal Corporation ("KTC"), an Alaska Native corporation. The state action, in which Clifford Tagaban served as class representative and Fred Triem as class counsel, culminated in a large judgment against KTC. In the Chapter 11 proceeding, the bankruptcy court confirmed a reorganization plan calling for payments to members of the class. The plan also authorized the class representative to "negotiate with the Debtor" and to "release or subordinate any lien or security for the Claims of the [] Class."

The bankruptcy court closed the Chapter 11 proceeding in 2004. KTC ceased making payments to the class in 2005, claiming that it had "not generated any profits from which payments under the [Plan] are to be made." Triem then sought to execute on the class action judgment in state court, resulting in several years of litigation. In 2015, class members moved in state court to remove Tagaban and Triem from their positions, asserting that they no longer "represented the best interests of the [] Class" because they "refused to consider releasing the lien against KTC, despite the class as a whole favoring release." The class members contended that releasing the lien would allow KTC to pursue "new business opportunities."

In 2017, the state trial court granted the motion to remove Tagaban and Triem.

24-5717

In 2019, a new class representative moved to "approve of a [] Class vote to waive and forgive the remaining debt owed." The trial court granted the motion, and the class voted to release the debt. *See Triem v. Kake Tribal Corp.*, 513 P.3d 994, 996 (Alaska 2022). The Alaska Supreme Court affirmed the trial court's orders. *See id.*; *see also Triem v. Kake Tribal Corp.*, No. S-17767, 2024 WL 181538, at *5 (Alaska Jan. 17, 2024).

Tagaban and Triem then moved to reopen the bankruptcy case, arguing that the state court orders removing them and granting the class's motion to forgive the remaining debt were void because the bankruptcy court had exclusive jurisdiction over the Chapter 11 proceedings. The bankruptcy court denied the motion, and the district court affirmed. We have jurisdiction pursuant to 28 U.S.C. § 158(d)(1) and affirm the judgment of the district court.

1.     "Reopening of the bankruptcy case is rare, and only used when necessary to resolve bankruptcy issues, not to adjudicate state law claims that can be adjudicated in state court." *In re Ray*, 624 F.3d 1124, 1136 (9th Cir. 2010); *see also In re Menk*, 241 B.R. 896, 916-17 (B.A.P. 9th Cir. 1999) ("In short, the motion to reopen legitimately presents only a narrow range of issues: whether further administration appears to be warranted; whether a trustee should be appointed; and whether the circumstances of reopening necessitate payment of another filing fee. Extraneous issues should be excluded.").

Appellants first argue that the relevant issues could not be adjudicated in state court because the reorganization plan provided that the bankruptcy court would "retain jurisdiction." But the plan does not provide that the bankruptcy court would retain *exclusive* jurisdiction over all issues. Bankruptcy courts only have exclusive jurisdiction over "core" proceedings. *See In re Pegasus Gold Corp.*, 394 F.3d 1189, 1193 (9th Cir. 2005); *In re Gruntz*, 202 F.3d 1074, 1080-81 (9th Cir. 2000) (en banc) (explaining that "Congress did not have the power to grant jurisdiction to the Article I bankruptcy courts over proceedings related to a bankruptcy case involving rights created by state law") (cleaned up); *In re McGhan*, 288 F.3d 1172, 1179 (9th Cir. 2002) (noting that state courts are barred from intruding on bankruptcy court orders and core proceedings).

The challenged decisions in this case do not involve core proceedings, because they neither invoke a substantive right under Title 11 nor "arise only in the context of a bankruptcy case." *In re Gruntz*, 202 F.3d at 1081 (citation omitted); *see also In re Pegasus Gold Corp.*, 394 F.3d at 1193 (explaining that core proceedings "essentially are proceedings that would not exist outside of bankruptcy"). The challenged decisions are orders by an Alaska state court concerning a class action, and involve matters of state law that "do not depend on the Bankruptcy Code for their existence" and "could proceed in another court." *In re Ray*, 624 F.3d at 1131 (citation omitted). The Alaska state courts therefore had at least concurrent

jurisdiction to address these motions. *See Gulf Offshore Co. v. Mobil Oil Corp.*, 453 U.S. 473, 479 (1981) ("It is black letter law, however, that the mere grant of jurisdiction to a federal court does not operate to oust a state court from concurrent jurisdiction over the cause of action.").

2. Appellants also challenge the district court's denial of oral argument when considering their appeal. We review that denial for abuse of discretion. *Spradlin v. Lear Siegler Mgmt. Servs. Co.*, 926 F.2d 865, 867 (9th Cir. 1991). Federal Rule of Bankruptcy Procedure 8019(b)(3) calls for oral argument unless the district court concludes that "the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument." Because "nothing in the district court record suggests" Appellants were "prejudiced by the lack of oral argument," the district court did not abuse its discretion in deciding this case on the briefs and record. *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**AFFIRMED.**